Janet GREBIN, Appellant,

v.

SIOUX FALLS INDEPENDENT SCHOOL DISTRICT NO. 49–5, John W. Harris, H.C. Rustad, Ronald L. Becker and Arnold L. Bauer, Appellees.

No. 84–2576.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1985.

Decided Dec. 6, 1985.

John N. Gridley, Sioux Falls, S.D., for appellant.

Michael L. Luce, Sioux Falls, S.D., for appellees.

Before HEANEY, JOHN R. GIBSON and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

Janet Grebin appeals from an adverse court verdict in her claim under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, for sex discrimination and from an adverse jury verdict in her claim under 29 U.S.C. § 626 for age discrimina-

tion. For the reasons set forth below, we affirm.

## I. BACKGROUND.

Grebin was forty-three years old when she was considered for the ninth-grade English teaching position at Axtell Park Junior High School for the 1983–84 school year. Grebin's prior teaching experience consisted of one semester as an English teacher in Chester, South Dakota, and three years as a substitute with the defendant Sioux Falls School District (Sioux Falls). For one semester of that three-year period, she taught civics at Axtell Park. Her application for full-time teaching employment had been on file with Sioux Falls since March 1980. The job was not given to Grebin, but instead to twenty-seven-year-old Jeff Herbert. Herbert had three years experience as a full-time teacher and coach. During two of those three years, he taught English.

Grebin commenced this action in February, 1984, alleging that she was not hired for the English position at Axtell Park because of her age and her sex. A jury returned a verdict for the defendant on the age discrimination count, and the court dismissed her sex discrimination claim.

## II. DISCUSSION.

Grebin's attack on the trial court's rejection of her sex discrimination claim is two-fold. First, she claims the court erred by failing to address certain "admissions" the defendant made at trial. Second, that the content of these "admissions" renders the court's decision "clearly erroneous." For reversal of the jury's determination of her age discrimination claim, Grebin alleges several procedural errors on the part of the trial court: (1) it improperly granted defendants' motion in limine; (2) it improperly instructed the jury on the burden of proof and inferences it could make; and (3) it refused to instruct the jury on the "willfulness" element of a discrimination action. We address each of these contentions in turn.

## A. The Sex Discrimination Claim.

The trial court determined that Grebin established a prima facie case in accordance with *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). It found that Grebin is a member of a protected minority, she applied and was qualifed for the job in question, she was not hired, and defendant continued to seek applicants with similar qualifications. *Id.* at 802, 93 S.Ct. at 1824. In response, the defendants asserted that they hired Jeff Herbert because he was the best qualified candidate for the position. Grebin attempted to prove that this reason was a pretext for discrimination, but the trial court concluded that she did not meet this burden.

Grebin claims this conclusion is erroneous because the court did not refer, in its memorandum, to certain admissions by the defendants. The import of the alleged admissions is that Jeff Herbert's football coaching ability was a factor in the district's decision to hire him.

At the outset, we note that the trial court's failure to explicitly consider, in its memorandum, evidence supporting Grebin's claim does not, in itself, render its decision suspect. A trial judge need not make specific findings on all facts nor refer to every item of evidence introduced in a lengthy trial. *Smith v. Honeywell, Inc.*, 735 F.2d 1067, 1069 (8th Cir.1984). The issue, therefore, is whether sufficient evidence supported the court's determination that the school district's stated reason was not pretextual and that it did not employ discriminatory criteria in the selection process. After reviewing the record, we conclude that the trial court's conclusion is not clearly erroneous.

Applicant Grebin had only spent one semester as a regular teacher, and three years as a substitute. Jeff Herbert, on the other hand, had three years of regular teaching experience. He came to the school district with outstanding recommendations for his ability to work with young people. Additionally, that one of the factors in the employment decision involved

Herbert's ability to coach is not sufficient to establish discrimination. *Carlile v. South Routt School District RE–3J*, 739 F.2d 1496, 1499 (10th Cir.1984). Accordingly, the trial court's finding that Sioux Falls had a legitimate, non-discriminatory reason for not hiring Grebin is not clearly erroneous.

## B.   The Age Discrimination Claim.

### 1.   *The motion in limine.*

■ Grebin claims the trial court erred by granting defendants' motion in limine which prevented her from introducing any evidence of alleged discriminatory conduct which occurred 180 days or more before she filed charges with the EEOC. The evidence she points to concerns the selection process for several teaching positions which opened up during the period in which she had her application on file with the district.

This Court will not disturb evidentiary rulings absent a showing that prejudice resulted. *Sedco International, S.A. v. Cory*, 683 F.2d 1201, 1207 (8th Cir.), *cert. denied*, 459 U.S. 512, 103 S.Ct. 379, 74 L.Ed.2d 512 (1982). Here, we need not consider whether the alleged evidence of prior discrimination was improperly excluded because Grebin was not prejudiced by its exclusion. In at least two of those openings the person hired was over forty, and in a third opening, Grebin conceded that the selection was "fair." This evidence, had it been admitted, would not have furthered Grebin's action for age discrimination. Therefore, the ruling was not prejudicial and must not be disturbed.

### 2.   *The alleged errors in the jury instructions.*

■ Grebin argues that the trial court did not properly instruct the jury as to the shifting burdens of proof and the inference created by establishing a prima facie case of discrimination. Specifically, Grebin claims the court should have incorporated the three-part *McDonnell-Douglas* analysis of prima facie case, answer, and rebuttal into instruction 10.[1] We do not accept Grebin's claim. *McDonnell-Douglas* was not a jury case and its ritual is not well suited as a detailed instruction to the jury. "[T]o read its technical aspects to the jury * * * will add little to the juror's understanding of the case and, even worse, may lead jurors to abandon their own judgment and to seize upon poorly understood legalisms to decide the ultimate question of discrimi-

---

1.  Jury Instruction 10:

Under federal law, it is unlawful for an employer to fail or refuse to hire any individual because of such individual's age, when that individual's age is between 40 and 70.

In order to prevail on her claim, the plaintiff must prove, by a preponderance of the evidence:

1.  That she was within the protected age group, that is, between the ages of 40 and 70;

2.  That she applied for and was qualified to perform the teaching position in question at Axtell Park Junior High School;

3.  That she was not hired;  and

4.  That her age was a determining factor in the decision not to hire her.

"Determining factor" means that you must find that but for the motive of Defendants to discriminate against Plaintiff because of her age, Plaintiff would have been hired by Defendants. Determining factor does not mean that it was the sole or exclusive motivation for the decision made by the Defendants.

The Age Discrimination in Employment Act is not intended as a vehicle for judicial review of employment decisions which are made in good faith and are not actuated by age bias. An employer may make a subjective judgment that adversely affects an applicant for employment for any reason that is not discriminatory because of age.

That Act required that an employer reach employment decisions without regard to age, but it does not place an affirmative duty upon an employer to accord special treatment to members of the protected age group.

You are instructed that the focus of your consideration must be on the Defendants' motivation, and the issue is whether or not the Defendants discriminated against the Plaintiff because of her age, and not on your own consideration of the Defendants' business judgment regarding who is the best qualified applicant for the job.

To summarize, it is the burden of the Plaintiff to prove to your satisfaction by a preponderance of the evidence that the Defendants discriminated against her because of her age, and that but for such discrimination, she would have been hired. If you are not so convinced, you should find for the Defendants. If you are so convinced, you should find for the Plaintiff and then determine that amount of damages that Plaintiff has sustained.

nation." *Loeb v. Textron*, 600 F.2d 1003, 1016 (1st Cir.1979). Instruction 10 represented a proper, complete charge to the jury.

Finally, Grebin claims the trial court erred by not submitting a "willfulness" instruction to the jury. Grebin argues the jury would have determined that defendants' willfully discriminated against her and thus she would have been entitled to liquidated damages.

The trial court determined that Grebin had not presented sufficient evidence of willful discrimination to warrant such an instruction. We need not determine the propriety of this ruling. If the court erred in not instructing the jury on willfulness, that error could not have been prejudicial in this case because the jury found the defendants not liable. The jury determined that the defendants did not discriminate against Grebin. Thus, they never would have reached the question of whether defendants "willfully" discriminated against her. Fed.R.Civ.P. 61 provides that errors which do not affect the substantial rights of parties shall be disregarded. We find that Grebin's substantial rights could not possibly have been affected by the absence of a "willfulness" instruction since the jury had no cause to consider this question.

We affirm.