Mark A. TROBAUGH, Appellant,

v.

HY–VEE FOOD STORES, INC., Cliff Deverell, and Jerry Israel, Appellees.

No. 84–1526.

Supreme Court of Iowa.

Aug. 20, 1986.

James W. Redmond and Daniel D. Dykstra of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for appellant.

F. Joseph Du Bray of Shull, Cosgrove, Hellige, Kudej & Du Bray, Sioux City, for appellees.

Considered by REYNOLDSON, C.J., and HARRIS, McGIVERIN, LARSON, and CARTER, JJ.

REYNOLDSON, Chief Justice.

We granted further review to examine a court of appeals decision reversing the district court's judgment for defendants in a law action commenced under the Iowa Civil Rights Act, Iowa Code chapter 601A (1979).[1] We vacate the decision of the court of appeals and affirm the judgment entered in the trial court.

Plaintiff Mark A. Trobaugh began working at the Hy-Vee food store in LeMars while still in high school. When he graduated from high school at age twenty, Trobaugh became a full-time employee. Although he was given various job titles, plaintiff performed only the duties of a full-time "courtesy" employee: sacking, loading, shelving, and cleaning. He never advanced in position although he was given several raises.

May 28, 1980, the store manager told plaintiff that he was being laid off because the economy was slow.[2] Plaintiff worked the next day and was paid through June 12, 1980, to compensate for vacation time he had not taken.

After several attempts to gain reinstatement, plaintiff filed a timely complaint with the Iowa Civil Rights Commission, asserting he had a learning disability and had

1. All Iowa Code references in this opinion are to the 1979 Code.

2. June 4, 1980, plaintiff voluntarily entered the Marian Health Center Chemical Dependency Unit for in-patient evaluation, counseling, and treatment, and remained there until July 3,

1980. He then received further counseling through August 11, 1980. Cost of this treatment was paid by insurance carried by Hy-Vee on its employees. Upon plaintiff's motion, the medical records of his treatment were sealed before trial by court order.

been discharged by defendant Hy-Vee due to that disability. *See* Iowa Code § 601A.15(1) (1979). Plaintiff claimed his discharge constituted an unfair and discriminatory practice under Iowa Code section 601A.6(1)(a).

March 20, 1981, the commission, at plaintiff's request, issued an administrative release. Plaintiff thus was authorized to commence this law action in district court. *See id.* § 601A.16. He named as defendants Hy-Vee Food Stores, Inc., store manager Cliff Deverell, and assistant manager Jerry Israel. Plaintiff realleged his claim that Hy-Vee had discharged him because he had a learning disability, thus violating Iowa Code section 601A.6. He further alleged defendants Deverell and Israel had aided and abetted Hy-Vee in the discharge and therefore were guilty of a discriminatory practice under the provisions of Iowa Code section 601A.11.

Trial commenced May 30, 1984. The court found plaintiff failed to establish he came within the protected class of "substantially handicapped persons" as defined in Iowa Code section 601A.2(11). Further finding that plaintiff failed to prove that defendants acted with an intent to discriminate, the court dismissed the petition.

Plaintiff appealed and we transferred the case to the court of appeals. That court reversed, concluding the trial court's findings of fact were not supported by substantial evidence. We granted further review to examine that determination.

I. *Scope of review and burden of proof.*

■ The parties in this law action waived jury trial and tried their case to the district court. Appellate review is on errors of law and the trial court's fact-findings have the effect of a special verdict. *Murray v. Conrad,* 346 N.W.2d 814, 817 (Iowa 1984); Iowa R.App.P. 4. We view the evidence in the light most favorable to upholding the judgment. *Koehler v. State,* 263 N.W.2d 760, 761 (Iowa 1978). If the findings are supported by substantial evidence, we are bound by them. *Murray,*

346 N.W.2d at 817; Iowa R.App.P. 14(f)(1). "Evidence is substantial if a reasonable mind would accept it as adequate to reach a conclusion." *Iowa State Fairgrounds Security v. Iowa Civil Rights Commission,* 322 N.W.2d 293, 296 (Iowa 1982).

■ Other principles also are important here. Plaintiff bears the ultimate burden of persuasion that he was intentionally discriminated against by his employer. He must first establish a prima facie case of discrimination by a preponderance of the evidence. *Woodbury County v. Iowa Civil Rights Commission,* 335 N.W.2d 161, 165 (Iowa 1983); *see Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207, 215 (1981). To do so, plaintiff must show:

(1) that he belongs to a group protected by the statute, (2) that he was qualified for the job from which he was discharged, (3) that, despite his qualifications, he was terminated, and (4) ... that, after his termination, the employer hired a person not in [plaintiff's] protected class or retained persons with comparable or lesser qualifications who are not in a protected group.

*Iowa State Fairgrounds Security,* 322 N.W.2d at 296.

■ Once a prima facie case is established, a presumption of discrimination attaches. *Id.* The employer then is given an opportunity to dispel the presumption by producing evidence that shows " 'some legitimate, nondiscriminatory reason' for the challenged action." *Id.* (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668, 678 (1973)). This being done, the presumption of discrimination drops from the case. *Cooper v. Federal Reserve Bank,* 467 U.S. 867, 875, 104 S.Ct. 2794, 2799, 81 L.Ed.2d 718, 727 (1984). The burden of persuasion never shifts from the employee plaintiff. *Linn Co-operative Oil Co. v. Quigley,* 305 N.W.2d 729, 733 (Iowa 1981). Thus, the employer does not have to convince the fact finder that it actually was motivated by the

proffered reason. *Iowa State Fairgrounds Security*, 322 N.W.2d at 296; *see also Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094, 67 L.Ed.2d at 216 ("The defendant need not persuade the court that it was actually motivated by the proffered reasons.").

■ Plaintiff next must show the employer's proffered justification for the actions was pretextual. He may carry this burden by "persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095, 67 L.Ed.2d at 217; *see Woodbury County*, 335 N.W.2d at 166. If plaintiff is unsuccessful in carrying this burden, his claim must fail.

With these principles in mind, we turn to the issues raised in this dispute.

## II. *Plaintiff's membership in a protected class.*

Trial court first found that plaintiff failed "to show by a preponderance of the evidence that on May 28, 1980, [date of discharge] he was a 'substantially handicapped person' as defined by Chapter 601A, The Code, and the regulations adopted by the Iowa Civil Rights Commission pursuant to that chapter."[3] The court of appeals rejected this finding on the ground it was not supported by substantial evidence.

The parties do not dispute that plaintiff had only low average intellectual ability and experienced difficulty in school. He repeated kindergarten and third grade. He had difficulty with calculations and in running a cash register. On the other hand, he captained the store's bowling team, dated, had a driver's license and drove a car, and responded well to questions in the course of trial. Neither at the Hy-Vee store nor at any of the other businesses

where he applied for work did plaintiff indicate he had any physical or mental impairment. A psychiatrist who examined plaintiff in 1981 found he was "essentially normal" intellectually but had a personality disorder, passive-aggressive in type, that resulted in a learning disability.

Because of our disposition of the next issue, we are not required to determine whether there was substantial evidence to support trial court's ruling that plaintiff was not a substantially handicapped person and thus not within an Iowa Code chapter 601A protected class. We therefore proceed to the question whether plaintiff carried the burden to show defendants terminated his employment with an intent to discriminate against him.

## III. *Defendants' alleged intent to discriminate.*

■ Trial court also found defendants laid plaintiff off for economic reasons and not because he may have had a disability. The court thus concluded plaintiff failed to carry his ultimate burden of persuasion. We find there is substantial evidence in this record to support trial court's finding on this issue.

Before terminating plaintiff's employment on May 28, 1980, the store manager had been to a management meeting where the losses being sustained by the LeMars store were discussed. The net losses in the relevant 1980 period were 3.42% in April and 1.14% in May. The manager had a compelling reason to cut down on labor costs.

After plaintiff was laid off, several part-time persons were hired to replace part-time employees who left by attrition, but no full-time persons were hired to replace plaintiff. His job was combined with others or performed by part-time employees.

3. Iowa Code § 601A.2(11) provides, "In reference to employment ... 'disability' ... means the physical or mental condition of a person which constitutes a substantial handicap, but is unrelated to such person's ability to engage in a particular occupation." A "substantially handicapped person," according to the rules of the commission, is one "who has a physical or mental impairment which substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment." 240 Iowa Admin. Code § 6.1(1). A specific learning disability is a mental impairment. *Id.* § 6.1(2)(b).

When plaintiff's employment was terminated, he was earning $5.15 per hour. Part-time employees who performed the same duties as plaintiff were paid minimum wages.

The store manager told plaintiff in the May 28 discussion that he was being laid off for economic reasons. Plaintiff later told his examining psychiatrist the manager "told me that the economy was slow and they weren't doing so well, so they didn't need all the stockmen." Plaintiff thought this was unfair because he had seniority "over five other guys."

It is possible to draw the inference that plaintiff may have been selected as the person to be laid off, in these unfavorable economic circumstances, because of certain recent aberrational conduct, including shadow-boxing in the parking lot, throwing cases down in the aisles, and attempting to have a customer carry an empty box. Testimony on these points was unrebutted, and there was no effort to show these incidents had any connection with plaintiff's alleged learning disability.

We hold trial court's determination defendants had no intent to discriminate is well supported in the evidence. A reasonable mind would accept that evidence in reaching the court's conclusion. We vacate the decision of the court of appeals and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED AND JUDGMENT OF DISTRICT COURT AFFIRMED.