**Bernard LANDALS, Appellee,**

v.

**GEORGE A. ROLFES CO., Appellant.**

No. 88–1638.

Supreme Court of Iowa.

April 18, 1990.

Leon R. Shearer, Dean C. Mohr, and Kristin H. Johnson, of Shearer, Templer & Pingel, P.C., West Des Moines, for appellant.

Victoria L. Herring, West Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and ANDREASEN, JJ.

ANDREASEN, Justice.

Bernard Landals (Landals) was discharged from his job with George A. Rolfes Co. (employer) in July 1983 at age fifty-two. He filed a complaint with the Iowa Civil Rights Commission under the Iowa Civil Rights Act, Iowa Code chapter 601A (1983), alleging age and disability discrimination. He obtained an administrative release and then filed suit in district court. After Landals presented his case to a jury, the court granted the employer's motion for directed verdict on the disability discrimination claim, but denied its motion on the age discrimination claim. The jury returned a special verdict for Landals on the age discrimination claim, awarding him $72,100 for past loss of income and benefits. The employer filed motions for new trial and judgment notwithstanding the verdict, which the court denied.

On appeal, the employer challenges the sufficiency of the evidence to support a prima facie case of age discrimination and urges Landals failed to establish that the employer's reason for discharge was a pretext. The employer also urges the jury failed to follow the court's instruction when it awarded damages beyond the date Landals secured employment and stopped looking for another job. On cross-appeal, Landals challenges the method used by the district court in allowing interest on the judgment. We have consolidated with this appeal another appeal and cross-appeal challenging an award of attorney fees entered after the first appeal was taken.

I. *Scope of Review.*

Our scope of review is to correct errors of law when an appeal is taken from the actions of the civil rights commission in a chapter 601A proceeding. *Peoples Memorial Hosp. v. Iowa Civil Rights Comm'n*, 322 N.W.2d 87, 90, 91 (Iowa 1982). When a chapter 601A suit is tried to the district court as an equitable action, our review is de novo. *Frank v. American Systems, Inc.*, 398 N.W.2d 797, 799 (Iowa 1987). If tried to the district court as a law action, as in this case, our review is on

errors of law. *Trobaugh v. Hy–Vee Food Stores, Inc.*, 392 N.W.2d 154, 156 (Iowa 1986); Iowa R.App.P. 4.

If the findings of the jury are supported by substantial evidence, we are bound by them. *Nadler v. City of Mason City*, 387 N.W.2d 587, 591 (Iowa 1986); Iowa R.App.P. 14(f)(1). Evidence is substantial if a reasonable mind would accept it as adequate to reach a conclusion. *Trobaugh*, 392 N.W.2d at 156.

## II. *Proof of Age Discrimination.*

A person may prove age discrimination by either of two methods. One method is to present direct or circumstantial evidence that age was a determining factor in the employer's employment decision. The other method of proof is to utilize the indirect, burden-shifting method of proof as established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Oxman v. WLS–TV*, 846 F.2d 448, 452 (7th Cir.1988). *See also United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 717–18, 103 S.Ct. 1478, 1483, 75 L.Ed.2d 403, 412 (1983) (Blackmun, J., concurring).

In the past, we have applied the *McDonnell Douglas* principles and analytical framework as refined in *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), in our civil rights cases. *See, e.g., Hulme v. Barrett*, 449 N.W.2d 629, 632 (Iowa 1989); *King v. Iowa Civil Rights Comm'n*, 334 N.W.2d 598, 601–03 (Iowa 1983); *Linn Coop. Oil Co. v. Quigley*, 305 N.W.2d 729, 733 (Iowa 1981).

However, the *McDonnell Douglas* framework is not well suited as a detailed instruction to the jury. *Grebin v. Sioux Falls Indep. School Dist.*, 779 F.2d 18, 20 (8th Cir.1985). It "add[s] little to the juror's understanding of the case and, even worse, may lead jurors to abandon their own judgment and to seize upon poorly understood legalisms to decide the ultimate question of discrimination." *Id.* at 20–21 (quoting *Loeb v. Textron*, 600 F.2d 1003, 1016 (1st Cir.1979)). Furthermore, a uniform instruction is of little value because

application of the *McDonnell Douglas* framework will vary in different fact situations. *See Hildebrand v. M–Tron Indus., Inc.*, 827 F.2d 363, 368 (8th Cir.1987).

Although the three-stage order of proof and the presumptions described in *McDonnell Douglas* are useful to the court in structuring proof while the trial is in progress, once the jury finds discrimination, and the resulting judgment is being evaluated on appeal, these presumptions fade away and the appellate court should simply study the record to determine whether the evidence is sufficient to support the verdict and judgment. *Barber v. American Airlines, Inc.*, 791 F.2d 658, 659–660 (8th Cir.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 278, 93 L.Ed.2d 254 (1986).

Once an employer offers reasons for discharging the plaintiff, the *presumption* of discrimination recognized in the first stage of *McDonnell Douglas* loses its significance in the case. *See Aikens*, 460 U.S. at 714–15, 103 S.Ct. at 1481–82, 75 L.Ed.2d at 409–10. The *inference* of discrimination, however, does not drop from the case. The jury also may rationally draw an inference of discrimination from proof that the reasons given by the employer for discharging the plaintiff were not the true reasons. *Barber*, 791 F.2d at 660.

The ultimate question, however, is whether the employer intentionally discriminated against the plaintiff. *See Aikens*, 460 U.S. at 714–15, 103 S.Ct. at 1481–82, 75 L.Ed.2d at 409–10. When a case is fully tried on the merits, "we focus our attention on the ultimate question presented and not on the adequacy of a party's showing at any particular stage of the analysis." *Smith v. Goodyear Tire & Rubber Co.*, 895 F.2d 467, 471 (8th Cir.1990).

Under the *McDonnell Douglas* framework, the burden of proving the ultimate question remains on the plaintiff. The *McDonnell Douglas* framework cannot be applied where the plaintiff uses the direct method of proof of discrimination. *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121, 105 S.Ct. 613, 621–22, 83 L.Ed.2d 523, 533 (1985). Where direct evidence is presented and the employer sug-

gests other factors influenced the decision, the employer has the burden of proving by a preponderance of the evidence that it would have made the same decision even if it had not considered the improper factor. *Price Waterhouse v. Hopkins*, 490 U.S. —, 109 S.Ct. 1775, 1795, 104 L.Ed.2d 268, 293 (1989).

### III. *Instructions.*

Here the district court drafted its instructions to the jury using the framework of *McDonnell Douglas.* Instruction number nine provided:

Before Landals can recover on his claim for age discrimination, he must prove all of the propositions described in this instruction. He must first prove all of the following three propositions:

1. In July of 1983, Landals was qualified for the job at Rolfes from which he was discharged.

2. Despite being qualified, Landals was laid off from his job at Rolfes and not recalled for employment.

3. When Landals was laid off and not recalled, Rolfes retained persons to do Landals' job who were younger than Landals and who had comparable or lesser qualifications for the job.

If Landals has failed to prove one or more of the above three propositions, he cannot recover on his claim of age discrimination. If, however, he has proved all of the above three propositions, you will then consider Rolfes' claim that its decision to lay off and not recall Landals was based upon reasons other than age. More specifically, Rolfes alleges that it laid off and failed to recall Landals because a large decrease in company sales and profits during 1983 required large layoffs, including that of Landals', and the consolidation or elimination of several job positions, including that of Landals'. Rolfes does not have to prove these reasons for laying off and not recalling Landals. Rather, Rolfes is only required to present enough evidence to create a genuine issue of fact in your mind.

If Rolfes has presented evidence raising an issue in your mind about the reason for Landals' layoff, Landals is then required to prove at least one of the following propositions:

(a) Landals' age more likely motivated Rolfes to lay him off than did any of the reasons given by Rolfes; or

(b) The reasons given by Rolfes for laying off Landals are not worthy of belief.

If Landals has failed to prove at least one of these propositions, he cannot recover on his claim for age discrimination. If, however, he has proved at least one of these propositions and also proved the three propositions shown above, he is entitled to recover on his claim for age discrimination and you will proceed to consider the amount of his damages, as explained further in Instruction No. 10.

The employer's only objection to this instruction was that it should have listed Landals' lack of qualification as a third reason for his layoff.

### IV. *Substantial Evidence of Age Discrimination.*

█ The ultimate issue in this case is whether Landals has shown that age was a determining factor in the employer's decision to discharge him or lay him off. We view the evidence in the light most favorable to Landals and give him the benefit of all reasonable inferences that may be drawn from the evidence. *Winter v. Honeggers' & Co.*, 215 N.W.2d 316, 321 (Iowa 1974).

Viewing the evidence in this light, Landals presented substantial evidence he was qualified for the position he held. He had been employed by Rolfes since 1958. After working in the shipping and receiving department for approximately two years, he was promoted to a supervisory position. In 1982, the employer acquired a line of products marketed under the name of Bazooka. Landals, who had been supervisor at the main warehouse in Boone, Iowa, was transferred in early 1983 to the Bazooka production and shipping work area. The Boone plant manager, Bill Coen, and other em-

ployees testified Landals was an extremely competent and dedicated employee.

On July 15, 1983, Landals' employment was terminated. He was not given any reasons for being laid off. Most supervisory employees subject to layoff were offered an opportunity to take a nonsupervisory position; Landals was not. He was not recalled after being laid off.

Although Landals' position was eliminated, his responsibilities were assumed by younger employees. Jeff Russell (age twenty-five), who was hired in January of 1983, assumed Landals' shipping duties. David Cain (age thirty-six), who had been with the company for approximately one year, assumed Landals' other duties. Taken together, these circumstances raise an inference of age discrimination.

The employer claimed Landals was laid off or discharged because of legitimate economic reasons. It is clear the employer suffered severe economic problems starting in the fall of 1982 and resulting in a significant business loss in 1983. The decision in July of 1983 to lay off approximately fifty percent of the company's employees was necessary.

However, the jury rationally could conclude Landals had been targeted for discharge by the company president, James Banton, approximately one month before the plant-wide layoff. Under the reduction in force, each plant manager had been directed to reduce personnel by fifty percent. Landals' plant manager, Bill Coen, intended to lay off employees on the basis of least seniority. Landals, because of his seniority, would not have been laid off under Coen's plan. Banton, however, specifically ordered Coen—without any explanation—to lay off Landals. Banton had previously discussed with Coen how to get rid of an employee whose wife had filed a discrimination suit against the employer. Coen was told to lay off personnel down to that employee and then later call back the others. Furthermore, a month prior to the layoff, Banton required Landals to undergo physical examination or else face discharge after he complained of chest pains.

There was substantial evidence that Landals was not part of the general layoff and the claim that he was discharged because of economic conditions was a pretext. The jury rationally could draw an inference of age discrimination from Landals' proof that the reasons given were false. Under the instruction given, the jury had sufficient evidence to reach the conclusion that the plaintiff had established his right to recover damages.

## V. *Damages After Accepting Another Job.*

A successful plaintiff under chapter 601A may be awarded "actual damages, court costs and reasonable attorney fees." Iowa Code § 601A.15(8)(a)(8). Actual damages may include lost wages and benefits or "backpay." *See Foods, Inc. v. Iowa Civil Rights Comm'n,* 318 N.W.2d 162, 171 (Iowa 1982). Earned income and unemployment compensation operate to reduce the amount awarded for lost wages. *See* Iowa Code § 601A.15(8)(a)(1).

Landals introduced evidence of his salary and benefits at Rolfes, of the unemployment compensation he received between his layoff and his acceptance of a job at another business, and of his salary and benefits at his new job. With factors such as the time value of money and tax consequences applied to the lost wages and benefits, Landals submitted he had sustained damages of $72,100 as of February 1, 1988, the date of trial. The jury agreed and awarded $72,100 for past loss of income and benefits but denied any amount for loss of future income or mental distress. The following instruction was submitted to the jury:

If at any time after his layoff and acquisition of a new job, Landals voluntarily decided to thereafter be unavailable for any other comparable jobs paying substantially the same or greater income and benefits as his old job at Rolfes, even if such jobs actually became available to him, he cannot recover damages [for past and future loss of income and benefits] which may have accrued or would have accrued after the time he made that decision.

The employer contends the jury failed to follow this instruction. The amount awarded indicates the jury awarded damages for lost income and benefits after Landals accepted another job.

■ The jury reasonably could have decided that Landals remained available for a job with duties, income, and benefits comparable to his old job. Although Landals was happy with his new job and no longer actively sought other employment, the jury could conclude that other employers had access to or could obtain Landals' services by offering him a job like his job at Rolfes, and that Landals was willing to accept such offers. Even if Landals decided to be unavailable, the jury reasonably could have concluded he did not so decide voluntarily. Evidence presented by Landals showed the lack of availability of comparable jobs and the necessity that he accept some other job in order to make a living and to fulfill his legal duty to mitigate damages.

## VI. *Interest.*

■ By statute, interest is allowed on all money due on judgments and decrees of court at the rate of ten percent per year. Iowa Code § 535.3. Interest accrues "from the date of the commencement of the action." *Id.* Although the amount awarded included the lost value of money up to the date of trial, the court nonetheless allowed interest on the award at the rate of ten percent from the date of commencement of the action in district court in 1984. *Cf. Drovers Bank of Chicago v. National Bank & Trust Co. of Chariton,* 829 F.2d 20, 22–23 (8th Cir.1987) (award of double interest disallowed). On appeal, Landals contends he is entitled to interest on the award from the date of filing his complaint with the civil rights commission in 1983.

The legislature clearly does not consider the filing of a complaint with the commission to be the "commencement of an action." A complainant may not *"commence an action* for relief in the district court" until the commission issues an administrative release. Iowa Code § 601A.16(1) (emphasis added). The release must state the complainant "has a right to *commence an action* in the district court." Iowa Code § 601A.16(2) (emphasis added). Furthermore, an *"action"* is barred "unless *commenced* within ninety days after issuance" of the release. Iowa Code § 601A.16(3) (emphasis added). Thus, under Iowa Code chapter 601A, an action is not commenced until it is filed in the district court. The district court did not err in refusing to allow interest on the award from the date of filing the initial complaint with the commission.

■ Landals also contends he is entitled to compound rather than simple interest on the award. The language of the statute gives us little guidance. We note, however, it allows interest "on all money due on judgments and decrees of court" and does not appear to allow interest on interest. *See Tri–State Ref. & Inv. Co. v. Apaloosa Co.,* 431 N.W.2d 311, 317 (S.D.1988) (construing similar South Dakota statute).

The attorney general has expressed the opinion that the statute does not authorize compounding of interest. *See* 1980 Op. Iowa Att'y Gen. 708, 714; 1916 Op.Iowa Att'y Gen. 103; *Peterson v. Ford Motor Credit Co.,* 448 N.W.2d 316, 319 (Iowa 1989) (we give respectful consideration to the opinions of the attorney general). The general rule in the United States is that, when interest is allowable, it is to be computed on a simple rather than a compound basis in the absence of express authorization to the contrary. *See Cherokee Nation v. United States,* 270 U.S. 476, 490, 46 S.Ct. 428, 433–34, 70 L.Ed. 694, 700 (1926); *Stovall v. Illinois Cent. Gulf R.R.,* 722 F.2d 190, 192 (5th Cir.1984); *In re Realty Assoc. Sec. Corp.,* 163 F.2d 387, 392 (2d Cir.), *cert. denied,* 332 U.S. 836, 68 S.Ct. 218, 92 L.Ed. 409 (1947); *Donovan v. Bryans,* 566 F.Supp. 1258, 1265 (E.D.Pa. 1983); *Aspinwall v. Blake,* 25 Iowa 319, 320 (1868); *Schwartz v. Piper Aircraft Corp.,* 90 Mich.App. 324, 326–27, 282 N.W.2d 306, 308–09 (1979) and cases cited therein; *Abbott v. Abbott,* 188 Neb. 61, 68, 195 N.W.2d 204, 209 (1972); *Tri–State Ref.,* 431 N.W.2d at 317 (N.D.); 47 C.J.S. *Interest & Usury* §§ 24, 71 at pp. 70, 161–62

(1982); 45 Am.Jur.2d *Interest & Usury* §§ 76, 78, at pp. 69, 71 (1969 & Supp.1989). Because the statute does not provide for allowance of compound interest, we conclude it allows only simple interest on judgments and decrees of court.

## VII. *Attorney Fees.*

A successful plaintiff under chapter 601A is entitled to reasonable attorney fees. Iowa Code § 601A.15(8)(a)(8). After an appeal on the merits was taken, the district court determined it continued to have jurisdiction over the matter of attorney fees. After an evidentiary hearing, the court awarded attorney fees of $39,950. The court calculated the amount by multiplying the hours reasonably expended (399.5) by a reasonable hourly rate ($100), as determined by the court on the basis of the evidence presented. The court refused to add any premium to the award or to allow any prejudgment interest on the award of attorney fees. The court also awarded $906.26 in attorney fees for work done by an another attorney for Landals and $3,735.89 for litigation expenses.

■ A. *Jurisdiction.* Generally, the filing of a notice of appeal deprives the district court of jurisdiction. *In re Estate of Tollefsrud,* 275 N.W.2d 412, 417 (Iowa 1979). However, we have held a trial court retains jurisdiction to proceed as to issues collateral to and not affecting the subject matter of the appeal. *Id.* The matter of attorney fees is separate and distinct from the underlying civil rights violation. *Ayala v. Center Line, Inc.,* 415 N.W.2d 603, 605 (Iowa 1987). We believe the district court retains jurisdiction to consider the matter of attorney fees as collateral to and not affecting the subject matter of the appeal. The exercise of retained jurisdiction, however, lies within the sound discretion of the district court, in recognition that the outcome of the appeal may very well affect the collateral matter.

■ B. *Standard of Review.* In other contexts we have reviewed the allowance of attorney fees under an abuse of discretion standard. *See Green v. Iowa Dist. Court,* 415 N.W.2d 606, 608 (Iowa 1987).

We have recognized the district court is an expert on the issue of reasonable attorney fees. *Id.* The district court's allowance of attorney fees under chapter 601A calls for no greater scrutiny. We therefore consider whether the district court abused its discretion in fixing attorney fees in this case. *Cf. Wright v. Stone Container Corp.,* 524 F.2d 1058 (8th Cir.1975) (allowance of attorney fees in federal employment discrimination cases reviewed under an abuse of discretion standard).

■ The burden is upon the applicant for attorney fees to prove both that the services were reasonably necessary and that the charges were reasonable in amount. *Green,* 415 N.W.2d at 608. Appropriate factors to consider in allowing attorney fees include the time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar service. *See id.; Parrish v. Denato,* 262 N.W.2d 281, 285 (Iowa 1978). The district court must look at the whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee appropriate for handling the complete case. *Green,* 415 N.W.2d at 608.

■ C. *The Propriety of the Method Used.* The district court did not abuse its discretion in determining the number of hours reasonably expended. The court viewed the case as a whole and concluded all of the professional time was reasonably expended. Although Landals unsuccessfully claimed disability discrimination, emotional distress damages, and future damages, we cannot conclude the court erred in viewing the unsuccessful claims as alternative and related claims.

The district court properly arrived at a reasonable hourly rate. Although Landals' attorney historically charged a lower hourly rate, the rate chosen by the court reflects the attorney's current hourly rate and compares favorably to the hourly rates

charged by other experienced attorneys for similar services.

The court did not abuse its discretion by multiplying the number of hours expended by the hourly rate to determine the attorney fee. The "lodestar" method used by the district court is based on sound reasoning. *See Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891, 895–96 (1984) (approving use of lodestar method). The product is an appropriate estimate of a reasonable attorney fee which then may be adjusted as necessary in the particular case. *Id.*

The court was not required to adjust further its estimate of a reasonable attorney fee. Delay in payment entered into the court's determination of a reasonable hourly rate and required no further adjustment of the fee allowance. The degree of success was impressive, but Landals asserted unsuccessful claims of discrimination and damages as well. The court concluded these factors balanced out each other and yielded no adjustment either upward or downward, and its conclusion cannot be characterized as an abuse of discretion.

■ D. *Effect of Contingency Fee Agreement.* The district court properly considered the contingency fee agreement between Landals and his attorney and properly concluded the agreement did not require adjustment of the fee allowance. The agreement shows the parties intended that any attorney fee allowance would reduce the contingency fee and that any excess recovery would go to the attorney. It established a minimum floor on attorney fees to be paid upon successful resolution of Landals' case.

The contingency fee agreement did not set a maximum limit on the statutory allowance for recovery of attorney fees. Courts have rejected a contrary conclusion as inconsistent with the purposes of statutes allowing recovery for attorney fees. *See Blanchard v. Bergeron,* 489 U.S. ——, 109 S.Ct. 939, 944, 103 L.Ed.2d 67, 76 (1989); *Sisco v. J.S. Alberici Constr. Co.,* 733 F.2d 55 (8th Cir.1984); Annot., *Effect of Contingent Fee Contract on Fee Award Authorized by Federal Statute,* 76

A.L.R.Fed. 347 (1986 & Supp.1989). By statute, the successful plaintiff is entitled to reasonable attorney fees, and we will not construe the agreement as limiting that entitlement.

■ E. *Litigation Expenses.* The district court properly allowed recovery of various litigation expenses as part of the "attorney fees." For example, the district court concluded that fees for paralegal assistance were reasonably incurred and were compensable at the paralegal's hourly rate. *Cf. Missouri v. Jenkins,* 491 U.S. ——, ——, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229, 241 (1989) ("reasonable attorney fees" include compensation for paralegal assistance). In addition, the court acted within its discretion in limiting recovery of deposition expenses, expert witness compensation, and other court costs to those costs allowed by Iowa Rule of Civil Procedure 157(a) and Iowa Code chapters 622 and 625. *See also Woody v. Machin,* 380 N.W.2d 727, 729–31 (Iowa 1986) (construing Iowa R.Civ.P. 157).

■ F. *Interest on Attorney Fees.* The district court had no authority to award prejudgment interest on the attorney fees under Iowa Code section 535.3 and properly refused to do so. Prejudgment interest is allowed to repay the lost value of the use of the money awarded and to prevent persons obligated to pay money to another from profiting through delay in litigation. *See In re Marriage of Baculis,* 430 N.W.2d 399, 401 (Iowa 1988). The employer's obligation to pay Landals' attorney fees arose at the time of judgment and Landals suffered no lost value of the use of money for attorney fees. *See Harvey v. Gerber,* 153 Mich.App. 528, 396 N.W.2d 470, 471 (1986) (construing similar Michigan statute).

VIII. *Disposition.*

■ The judgment of the district court is affirmed. To the extent that Landals was entitled to an award of attorney fees for his litigation expense before the district court, he is likewise entitled to an award of fees necessitated by this appeal. *Ayala,*

415 N.W.2d at 606. This case is therefore remanded to the district court for hearing on Landals' motion for appellate attorney fees and costs.

AFFIRMED AND REMANDED.