# IN THE COURT OF APPEALS OF IOWA

No. 17-1987
Filed September 12, 2018

**SIMON SEEDING & SOD, INC.,**
    Plaintiff-Appellee,

**vs.**

**DUBUQUE HUMAN RIGHTS COMMISSION and JERMAINE STAPLETON,**
    Defendants-Appellants.
_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

Jermaine Stapleton appeals the district court's ruling denying his application for appellate attorney fees. **REVERSED AND REMANDED.**

Charles E. Gribble and Christopher C. Stewart of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, LLP, Des Moines, for appellant Stapleton.

Erik W. Fern of Putnam, Fern & Thompson Law Office, PLLC, Decorah, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Jermaine Stapleton filed a race discrimination complaint with the Dubuque Human Rights Commission, naming Simon Seeding & Sod, Inc. as the violator. He prevailed and was awarded attorney fees in connection with the administrative and judicial review proceedings. The Iowa Supreme Court affirmed the awards. *See Simon Seeding & Sod*, *Inc. v. Dubuque Human Rights Comm'n*, 895 N.W.2d 446, 451-55 (Iowa 2017). Stapleton did not ask the supreme court to grant attorney fees in connection with that appeal, and the opinion was silent on the issue.

After the court filed its opinion but before procedendo issued, Stapleton filed an affidavit in the district court requesting $7065 in appellate attorney fees. Following issuance of procedendo, the district court denied the fee application. The court reasoned it lacked authority to make an award absent an appellate remand to consider the issue. In pertinent part, the court stated:

> The Supreme Court did not remand the case to the District Court with a direction to make a determination regarding appellate attorney fees and impose a judgment for same. This is reflected in both the decision and the procedendo. The procedendo states that the appeal was concluded and directs the District Court "to proceed in the manner required by law and consistent with the opinion of the (appellate) court."
> . . . .
> In the present case, there was no remand or direction given to the District Court. . . .
> . . . .
> The Court accepts the proposition that a party may be entitled to appellate attorney fees in cases of this nature. However, for the reasons stated above, the Court has no authority to impose them at this stage of the proceedings. Accordingly, Stapleton's application for attorney fees is denied.

On appeal, Stapleton contends "the district court erred in failing to award appellate attorney fees after the Iowa Supreme Court affirmed the underlying

issues on all counts."[1]  Stapleton concedes the supreme court opinion "was silent on an award of appellate attorney fees for that specific appeal."  But, in his view, the district court "retain[ed] jurisdiction to proceed as to issues collateral to and not affecting the subject matter of the appeal."

Generally, our review of an attorney-fee claim is for an abuse of discretion. *See id.* at 456; *Lynch v. City of Des Moines*, 464 N.W.2d 236, 238 (Iowa 1990). The question here is whether the district court had authority to consider Stapleton's appellate-attorney-fee claim absent direction from the appellate court.  We review this question on error.  *See MC Holdings*, *LLC v. Davis Cty Bd. Of Review*, 830 N.W.2d 325, 328 (Iowa 2013) (reviewing jurisdictional issues for errors of law).

We begin with the established proposition that "[a] successful plaintiff under chapter 601A is entitled to reasonable attorney fees."  *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990).  This includes appellate attorney fees.  *Id.* at 898-99.  In *Landals*, the court preliminarily considered a district court award of trial attorney fees after an appeal was taken.  The court held the district court retained "jurisdiction to consider the matter of attorney fees as collateral to and not affecting the subject matter of the appeal."  *Id.* at 897.  The court reasoned, "The matter of attorney fees is separate and distinct from the underlying civil rights violation."  *Id.*

The court next addressed appellate attorney fees.  In a summary fashion, the court stated, "To the extent that Landals was entitled to an award of attorney fees for his litigation expense before the district court, he is likewise entitled to an

---

[1] Simon Seeding & Sod, Inc. did not file a responsive brief.

award of fees necessitated by this appeal." *Id*. at 898-99. The court "remanded to the district court for hearing on Landals' motion for appellate attorney fees and costs." *Id.* at 899.

Here, the district court understandably relied on the final sentence in *Landals* to conclude an appellate remand order was required before the court could consider the appellate attorney fee claim. *See also Matter of Herrera*, 912 N.W.2d 454, 473 (Iowa 2018) ("On remand, the court may also award appellate attorney fees."). But we believe the court's directive on appellate attorney fees must be read in conjunction with its earlier discussion of a district court's authority to consider trial attorney fees. Of particular import was the court's characterization of the attorney-fee matter as "collateral" to the civil rights litigation and the court's statement that the district court "retained" jurisdiction to consider the matter. *Landals*, 454 N.W.2d at 897; *Ayala v. Ctr. Line, Inc.*, 415 N.W.2d 603, 605 (Iowa 1987) ("[S]uch fees are separate and distinct from the underlying civil rights violation and are incurred only to remedy the harm already done.").

*Schaffer v. Frank Moyer Construction, Inc.*, 628 N.W.2d 11, 23 (Iowa 2001) brings the point home. There, the court was asked to decide "whether the district court, as opposed to the appellate court, is permitted to make . . . an award" of appellate attorney fees incurred in a prior appeal of a mechanics' lien issue. *Schaffer*, 628 N.W.2d at 23. The court concluded, "Given that [the mechanics' lien statute] permits appellate attorney fees and given our current practice of allowing the district court to award such fees . . . the district court did have the authority to award appellate attorney fees in addition to trial attorney fees." *Id.*

True, the first *Schaffer* appeal contained a remand order. *See Schaffer v. Frank Moyer Const., Inc.*, 563 N.W.2d 605, 608 (Iowa 1997) ("[W]e reverse the judgment of the district court and remand the case to that court for further proceedings consistent with this opinion."). But the remand order did not explicitly direct the district court to consider an award of appellate attorney fees; the district court made the award of its own accord. In that respect, the procedural posture of *Schaffer I* is virtually identical to the procedural posture of this case. *See also Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 831 (Iowa 2009) (following remand that made no reference to consideration of appellate attorney fees, *see Boyle v. Alum-Line, Inc.*, 710 N.W.2d 741, 752 (Iowa 2006), and a second appeal, the court noted that district court awarded $25,000 in appellate attorney fees).

Based on the broad language of *Landals* and the procedural postures of *Schaffer* and *Boyle*, we conclude the district court retained jurisdiction to consider Stapleton's collateral request for appellate attorney fees incurred in connection with the first *Simon Seed* appeal.[2]

Our conclusion is consistent with the purpose behind attorney-fee awards in civil rights cases, which is "to ensure that private citizens can afford to pursue the legal actions necessary to advance the public interest vindicated by the policies

---

[2] If the Iowa Supreme Court had spoken to the issue, its opinion would have become the law of the case. *See State v. Ragland*, 812 N.W.2d 654, 658 (Iowa 2012) ("The law of the case doctrine represents the practice of courts to refuse to reconsider what has once been decided."); *see also Franzen v. Deere & Co.*, 409 N.W.2d 672, 674 (Iowa 1987) ("While a district court retains jurisdiction during and after appeal from its final judgment to enforce the judgment itself, the district court does not have the authority to revisit and decide differently issues already concluded by that judgment."); *cf. Darrah v. Des Moines Gen. Hosp.*, 436 N.W.2d 53, 55 (Iowa 1989) (limiting *Franzen* to its facts and holding "trial court must necessarily retain jurisdiction to rule on motions [for sanctions] made shortly after voluntarily dismissal which are based on filings made while the case was still pending").

of civil rights acts." *Ayala*, 415 N.W.2d at 605. The Iowa Supreme Court reaffirmed this principle in Stapleton's first appeal. *See Simon Seeding & Sod*, *Inc.*, 895 N.W.2d at 473-74 ("We reiterate the importance of fee awards in civil rights cases . . . ."). Our conclusion also is a nod to the district court's expertise in attorney-fee matters. *See Maday v. Elview-Stewart Sys. Co.*, 324 N.W.2d 467, 470 (Iowa 1982) (stating, "A judge is presumed to be an expert on what are reasonable attorney fees" in deciding whether judge or jury should decide attorney fee requests).

Finally, our conclusion will not open the floodgates to litigation of appellate-attorney-fee claims in the district court without appellate direction because (1) the first opinion was silent on the issue, nothing in the opinion could be read as countermanding an appellate attorney fee award and, indeed, the holding would have supported an award if requested in the appellate court; and (2) Stapleton made his request with the district court shortly after the appellate opinion was filed. And, if an unreasonably late request for appellate attorney fees is made in the district court without appellate direction, the court has discretion to deny the request. *See Landals*, 454 N.W.2d at 897. That said, the better practice is to make a request for appellate attorney fees with the court that handled the appeal, giving the court an opportunity to weigh in.

We reverse the denial of Stapleton's request for appellate attorney fees. We remand for consideration of the attorney-fee request on the merits.

**REVERSED AND REMANDED.**