# IN THE COURT OF APPEALS OF IOWA

No. 18-0495
Filed April 3, 2019

**STEVEN KUHLE AS FRATERNAL ORDER OF EAGLES #568,**
    Petitioner-Appellant,

**vs.**

**IOWA CIVIL RIGHTS COMMISSION,**
    Respondent-Appellee.

**and**

**PATRICIA KELLY and MICHAEL FISHNICK,**
    Intervenors-Appellees.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

The appellant appeals the district court's ruling affirming an adverse agency decision.  **AFFIRMED AND REMANDED WITH DIRECTIONS**.

Allan M. Richards of Richards Law Firm, Tama, for appellant.

Thomas J. Miller, Attorney General, and Katie Fiala, Assistant Attorney General, for appellee.

Robert E. Sabers of Robert E. Sabers, P.C., Dubuque, for appellees intervenors.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

Considered on rehearing by Doyle, P.J., and Mullins and Bower, JJ.

**DOYLE, Presiding Judge.**

This is an appeal from an order on judicial review affirming an agency decision of the Iowa Civil Rights Commission (ICRC). We affirm the district court and remand with directions.[1]

By way of background, Patricia Kelly and Michael Fishnick each filed complaints with the ICRC alleging their former employer, Fraternal Order of Eagles #568 (Order), discriminated against them on the basis of age. The ICRC filed statements of charges with the Iowa Department of Inspections and Appeals, naming the respondents as "Dubuque Fraternal Order of Eagles #568" and Steve Kuhle, one of the Order's trustees and the person primarily responsible for supervising the Order's employees and recommending employment action. The administrative process proceeded from there. In her proposed decision, the administrative law judge (ALJ) concluded the Order and Kuhle committed an unfair or discriminatory practice in terminating the employment of Fishnick, and in reducing Kelly's hours, and in constructively discharging Kelly based on her age. The ALJ awarded Fishnick and Kelly damages and attorney fees. The Order had represented itself by various names in different contexts, and at the hearing before the ALJ, the Order's attorney and its witnesses referred to it in various ways. In the ALJ's supplemental proposed decision, respondent's name, as related to the Order, was amended to "Dubuque Aerie #568 of the Fraternal Order of the Eagles, a/k/a Dubuque Fraternal Order of Eagles #568, a/k/a Dubuque Association No.

---

[1] The opinion was originally filed on March 6, 2019. We granted intervenors-appellees' petition for rehearing concerning the issue of their district court and appellate attorney fees.

568 of the Fraternal Order of Eagles, an Iowa nonprofit corporation," and the caption of the matter was changed to reflect the amendment. Steve Kuhle, individually, remained as a named respondent. In its final order, the ICRC adopted the ALJ's decision against the Order but reversed as to Kuhle. The ICRC held that "Kuhle's actions as a trustee of the non-profit organization form the basis for this FINAL ORDER, but he is not personally liable as an individual due to the immunity provided for in Iowa Code Section 504.901(1)." The ICRC adopted the ALJ's award of damages and attorney fees.

An application for judicial review was filed with the caption, "Steve Kuhle as Fraternal Order of Eagles #568 as Petitioner vs. Iowa Civil Rights Commission." Why petitioner's name was morphed to "Steve Kuhle as Fraternal Order of Eagles #568" is unknown. Kelly and Fishnick intervened. The matter was submitted to the district court on briefs. The court affirmed the final agency decision of the ICRC. "Steve Kuhle as Fraternal Order of Eagles #568, Petitioner," appeals.

There is no entity or party known as "Steve Kuhle as Fraternal Order of Eagles #568." Steve Kuhle, the individual, was a party in the administrative action. Steve Kuhle was always a separate and distinct party in the proceedings. Steve Kuhle presently has no judgment against him because the ICRC, in its final order, held Kuhle was not personally liable as an individual. It is difficult to discern who the appellant is in this appeal. All references in the appellant's brief to "petitioner" and "appellant" are in the singular. The appellant's brief states, "*Kuhle* filed a petition for judicial review of a ruling from the Iowa Civil Rights Commission on May 9, 2017 and filed a notice of appeal on March 21, 2018 on the ruling on judicial review." (Emphasis added.) Appellant's argument states, "*Kuhle* seeks to overturn

the ruling of liability for his association with the Fraternal Order of Eagles as to the ruling of a violation by the Civil Rights Commission." (Emphasis added.) While scratching our heads on this issue, we nevertheless proceed forward.

In the first of two arguments, the appellant makes a constitutional-right-of-freedom-of-association argument. No such argument was raised before the district court. It is well established that this court does not consider issues raised for the first time on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

In the second argument, the appellant asserts Fishnick and Kelly were employees at will and "[a]s an employee at will, the employer may terminate employment for any reason." The appellant misstates the law. At-will employees may not be terminated for reasons that are legislatively prohibited or for a reason contrary to public policy. *See Rivera v. Woodward Resource Ctr.*, 865 N.W.2d 887, 893 (Iowa 2015); *Teachout v. Forest City Cmty. Sch. Dist.*, 584 N.W.2d 296, 299 (Iowa 1998). The Iowa Legislature has set public policy through the Iowa Civil Rights Act (ICRA). The ICRA legislatively prohibits unlawful discrimination against an employee based on the employee's age. *See* Iowa Code § 216.6(1)(a) (2013). Discharge of an employee because of age is an exception to the employment-at-will doctrine. *See Boyle v. Alum-Line*, 710 N.W.2d 741, 749 (Iowa 2006).

> Our review
>
> of an agency decision is controlled by the provisions of Iowa Code section 17A.19(10) . . . . We will apply the standards of section 17A.19(10) to determine if we reach the same results as the district court. The district court may grant relief if the agency action has prejudiced the substantial rights of the petitioner and if the agency action meets one of the enumerated criteria contained in section 17A.19(10)(a) through (n).

*Renda v. Iowa Civil Rights Com'n*., 784 N.W.2d 8, 10 (Iowa 2010) (footnote and internal citations omitted).

> Regarding the at-will issue, the district court concluded,
>
> Petitioner bears the burden of proof to establish that the agency's action was not supported by substantial evidence within the record. This burden was not met. Petitioner could not establish a legitimate, non-pretexual reason for terminating Fishnick and Kelly. There is substantial evidence in the record that Petitioner discriminated against Fishnick and Kelly because of their ages. The organization is not entitled to any sort of immunity. Petitioner was served with notice of this action from the beginning, and the correct party appeared at all levels of the proceeding. Nothing in the record indicates that the agency's application of law to the facts was irrational, illogical, or wholly unjustifiable.

Upon our review, we agree.

Intervenors-appellees Kelly and Fishnick request attorney fees. In its Final Order, the ICRC affirmed an award of $25,077 to Kelly and Fishnick for attorney fees they incurred as of September 13, 2016. The district court affirmed the ICRC's order, although it made no specific mention of attorney fees. After appealing, Kelly and Fishnick applied to the district court for additional attorney fees in the total amount of $32,574.75 for fees incurred through March 21, 2018 (the day they filed their notice of appeal). The application was not ruled on. Kelly and Fishnick filed an application for additional attorney fees in the supreme court requesting a total amount of $35,987.25 through July 23, 2018, which includes the appellate work done by the attorneys. This amount is inclusive of all previously requested fees. An eight-page fee affidavit was attached detailing the services rendered by the attorneys from April 30, 2012, through July 23, 2018. The supreme court ordered that the application for attorney fees be submitted for consideration with this appeal.

A successful plaintiff under the ICRA is entitled to reasonable attorney fees. Iowa Code § 216A.15(9)(a)(8); *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990). This includes appellate attorney fees. *Landals*, 454 N.W.2d at 898-99. "The reason a successful civil rights litigant is entitled to attorney fees 'is to ensure that private citizens can afford to pursue the legal actions necessary to advance the public interest vindicated by the policies of civil rights acts.'" *Lynch v. City of Des Moines,* 464 N.W.2d 236, 239 (Iowa 1990) (quoting *Ayala v. Ctr. Line, Inc.,* 415 N.W.2d 603, 605 (Iowa 1987)).

The district court affirmed the agency's final order, which included an award to Kelly and Fishnick of $25,077 in attorney fees as of September 13, 2016. "The district court is considered an expert in what constitutes a reasonable attorney fee, and we afford it wide discretion in making its decision." *City of Riverdale v. Diercks*, 806 N.W.2d 643, 659 (Iowa 2011) (quoting *GreatAmerica Leasing Corp. v. Cool Comfort Air Conditioning & Refrigeration, Inc.,* 691 N.W.2d 730, 733 (Iowa 2005)). The district court did not abuse its discretion in approving that award and we affirm the district court's ruling in that regard. There has been no hearing as to Kelly and Fishnick's requested attorney fees incurred after September 13, 2016, which include the district court proceedings and the appeal. Therefore, we remand for a hearing concerning an award to Kelly and Fishnick for reasonable attorney fees, including appellate attorney fees, incurred after September 13, 2016.

Accordingly, we affirm and remand with directions.

**AFFIRMED AND REMANDED WITH DIRECTIONS.**