# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 07-1490/1492

_____

| | | |
|---|---|---|
| Jack Gross, | * | |
| | * | |
| Appellant/Cross-Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| FBL Financial Services, Inc., | * | |
| | * | |
| Defendant, | * | |
| | * | |
| FBL Financial Group, Inc., | * | |
| | * | |
| Appellee/Cross-Appellant, | * | |
| | * | |
| Iowa Farm Bureau Federation; Farm | * | |
| Bureau Mutual Insurance Company; | * | |
| William Oddy, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: September 28, 2009
Filed: November 30, 2009

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

This case is before us on remand from the Supreme Court. *See Gross v. FBL Financial Servs., Inc.*, 129 S. Ct. 2343 (2009). We reverse the judgment of the district court and remand for a new trial.

I.

Jack Gross sued his employer, FBL Financial Group, Inc. ("FBL"), alleging that FBL violated the Age Discrimination in Employment Act ("ADEA") and the Iowa Civil Rights Act ("ICRA") by demoting him because of his age in 2003. The case was tried to a jury, and the district court gave one marshalling instruction that applied to both causes of action. The jury returned a verdict in favor of Gross, and awarded him damages of $20,704 in lost past salary and $26,241 in lost past stock options, for a total of $46,945 in lost compensation. The jury awarded no damages for emotional distress, and found that FBL's conduct was not "willful." After trial, the district court denied FBL's motion for judgment as a matter of law based on sufficiency of the evidence, and denied FBL's motion for new trial based on alleged evidentiary errors. The court also denied Gross's motion for attorney's fees. Both parties appealed.

We reversed and remanded for a new trial based on an erroneous jury instruction. *Gross v. FBL Financial Servs., Inc.*, 526 F.3d 356 (8th Cir. 2008). A final jury instruction directed that the jury's verdict must be for Gross if two elements were proved by a preponderance of the evidence: (1) that FBL demoted Gross to a position of claims project coordinator, effective January 1, 2003, and (2) that Gross's age "was a motivating factor in [FBL's] decision to demote [Gross]." Addressing the possibility that the employer acted with mixed motives, the instruction further stated as follows: "However, your verdict must be for [FBL] . . . *if it has been proved by the preponderance of the evidence that [FBL] would have demoted plaintiff regardless of his age.*" Final Instruction No. 11 (emphasis added). We interpreted this instruction to mean that once Gross proved by a preponderance of the evidence that age was a motivating factor in FBL's employment decision, the burden of persuasion

shifted to FBL to prove that it would have demoted Gross regardless of his age. *Gross*, 526 F.3d at 360.

We held that the jury instruction impermissibly shifted the burden of persuasion to FBL to prove that age was not the determining factor in its employment decision. Under our circuit precedent prevailing at the time, *see Erickson v. Farmland Indus., Inc.*, 271 F.3d 718, 724 (8th Cir. 2001), Justice O'Connor's concurring opinion in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), stated the controlling rule in an age discrimination case. Under that rule, "to justify shifting the burden of persuasion on the issue of causation to the defendant, a disparate treatment plaintiff must show *by direct evidence* that an illegitimate criterion was a substantial factor in the decision." *Id*. at 276 (O'Connor, J., concurring in judgment) (emphasis added). Because Gross conceded that he did not present "direct evidence" of discrimination, we held that the burden of persuasion should have remained with the plaintiff throughout, and the jury should have been charged to decide whether the plaintiff proved that age was the determining factor in FBL's employment action. 526 F.3d at 360. Our opinion implicitly treated Gross's claim under the ICRA together with his claim under the ADEA, given our circuit precedent that the two claims were analytically identical. *See King v. United States*, 553 F.3d 1156, 1160 n.3 (8th Cir. 2009).

The Supreme Court granted Gross's petition for a writ of certiorari, and held that the burden of persuasion never shifts to the party defending an alleged mixed-motive discrimination claim brought under the ADEA. *Gross*, 129 S. Ct. at 2348. Our opinion had assumed that the burden of persuasion would shift if the plaintiff presented "direct evidence" of age discrimination, so the Court vacated our opinion and remanded the case for further consideration. The parties have filed supplemental briefs addressing how the case should be resolved on remand.

## II.

We conclude that FBL is entitled to a new trial on Gross's claim under the ADEA. Gross has not disputed our conclusion that the jury was likely to interpret the final instruction to shift the burden of persuasion to FBL if Gross proved by a preponderance of the evidence that age was a motivating factor in FBL's decision to demote him. The Supreme Court has clarified that the burden of persuasion never shifts to the defendant in an ADEA case. The final instruction in this case was therefore erroneous. The jury should have been instructed, in substance, that Gross retained the burden of persuasion on his ADEA claim to establish "by a preponderance of the evidence (which may be direct or circumstantial) that age was the 'but-for' cause of the challenged employer decision." *Gross*, 129 S. Ct. at 2351. Because the jury instruction shifted the burden of persuasion on a central issue in the case, the error cannot be harmless. *M.M. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008); *West Platte R-II Sch. Dist. v. Wilson*, 439 F.3d 782, 785 (8th Cir. 2006).

Gross contends on remand that even if a new trial is required on the ADEA claim, the jury instruction was a correct statement of the law under the Iowa Civil Rights Act, and that the jury's verdict should stand with respect to the state law claim. He relies on a recent decision of the Supreme Court of Iowa in *DeBoom v. Raining Rose, Inc.*, 772 N.W.2d 1 (Iowa 2009), for the proposition that the plaintiff in a discrimination case under the ICRA need show only that a prohibited criterion was a "motivating factor" in the defendant's employment decision to establish a violation of the ICRA. Gross argues that because the final jury instruction required him to prove by a preponderance of the evidence that his age was a motivating factor in FBL's decision to demote him, the jury's verdict was based on a proper instruction under the ICRA.

*DeBoom* involved an action under the ICRA alleging discrimination based on sex and pregnancy. The trial court in *DeBoom* correctly charged the jury that the plaintiff must prove that sex and pregnancy "was a determining factor" in the employer's decision to discharge the plaintiff. 772 N.W.2d at 13. The court then gave an instruction that "[p]laintiff's pregnancy was a 'determining factor' if that factor played a part in the Defendant's later actions towards Plaintiff. However, Plaintiff's pregnancy need not have been the only reason for Defendant's action." *Id*. at 13 (emphasis omitted). The Supreme Court of Iowa held that the trial court erred, however, by submitting this additional instruction: "A determining factor need not be the main reason behind the decision. It need only be the reason which tips the scales decisively one way or the other." *Id*. (emphasis omitted). The latter instruction, said the court, was proper in tortious discharge cases under Iowa law, but imposed on the plaintiff "a higher burden of proof than is required in discrimination cases." *Id*. The court concluded that the first definitional instruction – that plaintiff's pregnancy was a "determining factor" if it "played a part" in the employer's action – "best corresponds with the burden of proof required in discrimination cases." *Id*. The state supreme court explained that it was not error for the trial court to instruct that the plaintiff must prove that pregnancy or sex was "a determining factor" in the employment action, *id*. at 12, 14, but that "it would be easier to use the word 'motivating' instead of 'determining' in discrimination cases." *Id*. at 13-14. *DeBoom* did not discuss age discrimination, but Gross points out that the ICRA addresses age discrimination in the same section with sex discrimination. *See* Iowa Code § 216.6(1)(a).

Gross reads *DeBoom* to mean that once a plaintiff establishes that age was a motivating factor in an employer's adverse action, the employer is liable for age discrimination under the ICRA. In other words, as we understand his supplemental brief, Gross suggests that even if the jury is convinced that the employer would have taken the same adverse action in the absence of an impermissible motive, the plaintiff nonetheless establishes a violation of the statute if the jury believes that age was "a

motivating factor." On that view, it does not matter whether the district court shifted the burden of proof to FBL to establish that Gross would have been demoted regardless of his age, because Gross need not exclude this possibility, and there is no such defense to liability. We are not convinced that *DeBoom* transforms Iowa law in this manner.

First, such an interpretation of *DeBoom* would conflict with the analytical framework for age discrimination cases that the Supreme Court of Iowa has declared for cases in which there is an assertion that the employer was influenced by mixed motives. In *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891 (Iowa 1990), the court applied the same rule for determining liability that this court used prior to the Supreme Court's decision in *Gross*, namely, the approach of Justice O'Connor's concurring opinion in *Price Waterhouse*: "*Where direct evidence is presented* and the employer suggests other factors influenced the decision, the employer has the burden of proving by a preponderance of the evidence that it would have made the same decision even if it had not considered the improper factor." *Id*. at 893-94 (emphasis added) (citing *Price Waterhouse*). The Iowa court reiterated this explanation in *Vaughan v. Must, Inc.*, 542 N.W.2d 533 (Iowa 1996), saying that "[u]nder the *Price Waterhouse* method the plaintiff must present credible evidence of conduct or statements of supervisors which may be seen as discrimination sufficient to support an inference that the discriminatory attitude was a motivating factor." *Id*. at 538. The court explained that "*[a]fter the direct evidence has been presented*, the employer then bears the burden of establishing by a preponderance of the evidence it would have made the same decision even in the absence of the improper motive." *Id*. at 538-39 (emphasis added).

*DeBoom* did not disavow these cases. To the contrary, it cited *Vaughan* as a correct statement of the burden of proof in a discrimination case. *DeBoom*, 772 N.W.2d at 13. If *DeBoom* meant that a plaintiff can establish a violation of the ICRA in a mixed-motive case simply by showing that age was *a* motivating factor for the employer, then the statements in *Vaughan* and *Landals* about an employer's burden

-6-

to show that it would have made the same decision even without the improper motive would be meaningless.

Second, Gross's reading of *DeBoom* is an unlikely outcome in view of the text and purpose of the ICRA. A comparison of Title VII of the federal Civil Rights Act and the ICRA illustrates the point. The federal statute, as amended by the Civil Rights Act of 1991, says that an unlawful employment practice is established when a plaintiff "demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, *even though other factors also motivated the practice*," 42 U.S.C. § 2000e-2(m) (emphasis added), and provides an affirmative defense that restricts remedies, but not liability, if the employer "would have taken the same action in the absence of the impermissible motivating factor." *Id*. 2000e-5(g)(2)(B). By contrast, the Iowa statute, like Title VII before 1991 and the ADEA, makes it illegal to discriminate "*because of*" various factors, including the age of an employee. Iowa Code § 216.6(1)(a). In *DeBoom* itself, the Supreme Court of Iowa repeated that the purpose of the Iowa legislature in banning employment discrimination (there, based on sex) was "to prohibit conduct which, had the victim been a member of the opposite sex, *would not have otherwise occurred*." 772 N.W.2d at 6 (emphasis added) (quoting *Sommers v. Iowa Civil Rights Comm'n*, 337 N.W.2d 470, 474 (Iowa 1983)). If we were to read *DeBoom* as grafting the standard of the federal Civil Rights Acts of 1991 onto the ICRA, despite the differences in text, then the Iowa statute would prohibit conduct that *would* otherwise have occurred, in a situation where the employer would have taken the same action even without the improper motive. We are reluctant to attribute to the state supreme court an interpretation of the ICRA that would be at odds with the court's own statement in *DeBoom* of the legislative purpose behind the statute.

Third, *DeBoom* was not a mixed-motive case, and the Supreme Court of Iowa had no occasion to address the appropriate jury instructions in such a case. *DeBoom* was a so-called "pretext case," in which the employer presented a non-discriminatory

reason for terminating the plaintiff, and the plaintiff urged that the employer's proffered reason was a pretext for discrimination. *See DeBoom*, 772 N.W.2d at 8-11. As Justice White explained in *Price Waterhouse*, mixed-motive cases and pretext cases are different. The issue in pretext cases "'is whether either illegal or legal motives, but not both, were the "true" motives behind the decision.'" 490 U.S. at 260 (White, J., concurring in judgment) (quoting *NLRB v. Transp. Mgmt. Corp.*, 462 U.S. 393, 400 n.5 (1983)). In that all-or-nothing context, a plaintiff who shows that an illegal motive was truly "a motivating factor" has demonstrated that the employer's explanation is a pretext for discrimination. *See Smidt v. Porter*, 695 N.W.2d 9, 15 (Iowa 2005) ("If the employer offers a legitimate nondiscriminatory reason, the plaintiff must show the employer's reason was pretextual and that unlawful discrimination was *the real reason* for the termination.") (emphasis added), *cited in DeBoom*, 772 N.W.2d at 13. But in a mixed-motive case, "there is no one 'true' motive behind the decision," as "the decision is a result of multiple factors, at least one of which is legitimate." *Price Waterhouse*, 490 U.S. at 260 (White, J., concurring in judgment).

None of the opinions in *Gross* or *Price Waterhouse* – majority, plurality, concurring, or dissenting – concluded that an employer is liable for acting "because of" age or sex, if the jury finds that the employer would have taken the same action in the absence of the impermissible motive. *See Gross*, 129 S. Ct. at 2350-51; *id.* at 2354 (Stevens, J., dissenting); *id.* at 2359 (Breyer, J., dissenting); *Price Waterhouse*, 490 U.S. at 242 (plurality opinion); *id.* at 261 n.* (White, J., concurring in judgment); *id.* at 279 (O'Connor, J., concurring in judgment); *id.* at 281-82 (Kennedy, J., dissenting). The debate within the Court in those cases concerned whether, and if so when, the burden of persuasion should shift to an employer in a mixed-motive case. As explained, the Supreme Court of Iowa has applied the rule of Justice O'Connor's concurrence in *Price Waterhouse* in mixed-motive cases under the ICRA, and called for a shift in the burden of persuasion only upon a showing by direct evidence that age was a motivating factor in the employer's decision. *Vaughan*, 542 N.W.2d at 538-39;

*Landals*, 454 N.W.2d at 893-94. It follows from the Iowa court's adoption of this rule from *Price Waterhouse* that there is no violation of the ICRA if the employer would have taken the same action in the absence of an improper motive.

FBL suggests that the Supreme Court of Iowa will follow the reasoning of the Supreme Court of the United States in *Gross* that "because of" age means that age was a "but-for" cause of the employer's action, and hold that the burden of persuasion never shifts to the defendant under the ICRA. To decide this appeal, we need not predict whether the state supreme court will apply the reasoning of *Gross* to the comparable language in the Iowa statute. Under existing Iowa precedent, the burden of persuasion does not shift to the defendant in a mixed-motive case unless the plaintiff shows by direct evidence that age was a motivating factor in the employer's decision. *Vaughan*, 542 N.W.2d at 538-39; *Landals*, 454 N.W.2d at 893-94. Gross concedes that he did not present direct evidence of age discrimination. (Appellant's App. 596). Thus, under either the prevailing Iowa precedents or the *Gross* analysis, the district court's jury instructions incorrectly shifted the burden of persuasion to the defendant in this mixed-motive case. As we understand the Iowa case law, the plaintiff should have been required to establish that age was a motivating or determining factor in the employer's decision, and that the adverse action would not otherwise have occurred. *See DeBoom*, 772 N.W.2d at 6 ("[T]he legislature's purpose in banning employment discrimination based on sex was to prohibit conduct which, had the victim been a member of the opposite sex, would not have otherwise occurred.") (internal quotation omitted); *Vaughan*, 542 N.W.2d at 538 (citing *Geller v. Markham*, 635 F.2d 1027, 1035 (2d Cir. 1980) ("Where an employer acts out of mixed motives in discharging or refusing to hire an employee, the plaintiff must show that age was a causative or determinative factor, one that made a difference in deciding whether the plaintiff should be employed.")). We thus conclude that FBL is entitled to a new trial on Gross's claim under the ICRA.

The parties disagree about the appropriate scope of a new trial. FBL argues that the trial should be limited to the question of liability for age discrimination and damages for lost wages, because Gross did not cross-appeal the jury's findings that FBL's conduct was not willful and that Gross proved no emotional distress damages. Gross counters that it would be unfair for FBL to obtain a new trial on the issues decided in favor of Gross, but not to allow Gross a new trial on issues decided in favor of FBL. We conclude that the new trial should be limited to the issues of liability and damages for lost compensation.

Gross failed to cross-appeal those portions of the judgment in favor of FBL, and the general rule is that a party must file a cross appeal if he seeks to enlarge his rights beyond the district court's judgment. *United States v. Am. Ry. Exp. Co.*, 265 U.S. 425, 435 (1924). This rule has been applied to limit new trials on remand where the appellee does not file a protective cross-appeal urging relitigation of issues previously resolved in favor of the appellant. *See JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 550 F.3d 529, 533 (6th Cir. 2008); *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 203 n.22 (4th Cir. 1982); *Dupuy v. Dupuy*, 551 F.2d 1005, 1026 n.34 (5th Cir. 1977). Our court has said that the cross-appeal requirement is a non-jurisdictional rule of practice that can be avoided in the discretion of the court, *Kessler v. National Enterprises, Inc.*, 203 F.3d 1058, 1059-60 (8th Cir. 2000), but we see no strong reason to depart from the rule here.

There is no per se prohibition on a partial new trial. Whether to limit a new trial to certain issues depends on whether injustice would result from the limitation. *See Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931). For example, if the original verdict likely represented a compromise that has been disturbed by the grant of a new trial, or if claims and counterclaims are inextricably intertwined, then it could be unfair to order a new trial on only a portion of the case. *See Graham v. Davis*, 880 F.2d 1414, 1419 (D.C. Cir. 1989); *Lucas v. Am. Mfg. Co.*, 630 F.2d 291, 294 (5th Cir. 1980). On the other hand, when issues in the trial are

sufficiently distinct and separate to infer independent decisions by the jury, the verdict on issues that are not challenged on appeal may be treated as the law of the case in a new trial. *E.g.*, *JGR, Inc.*, 550 F.3d at 533; *Infocomp, Inc. v. Electra Products, Inc.*, 109 F.3d 902, 907 (3d Cir. 1997); *Arnold*, 681 F.2d at 203 n.22.

Here, Gross did not file a protective cross-appeal to urge that a new trial on liability and damages for lost compensation would necessitate a new trial on emotional distress damages and willfulness. His supplemental brief suggests incorrectly that FBL actually appealed portions of the judgment in its favor. Gross argues generally that a partial new trial would be "unfair," but presents no convincing reason to believe that the jury's decision on liability and lost compensation was interwoven with its decision on emotional distress and willfulness. Our review of the record leads us to think that compromise is an unlikely explanation for the verdict. It seems more likely, on this evidence, that the jury reached independent decisions on the several issues presented, and simply found that Gross failed to prove willfulness or damages from emotional distress. Under the circumstances of this case, we are not persuaded to depart from the normal rule that an appellee must file a cross-appeal when he seeks to enlarge his rights under the judgment, and we see no injustice in limiting a new trial to issues that were directly affected by the erroneous jury instruction.

III.

We briefly address other instructional and evidentiary issues raised by FBL, because they may recur in a new trial. *See Andrews v. Neer*, 253 F.3d 1052, 1062 (8th Cir. 2001).

FBL requested that the district court give a final instruction to the jury that included this sentence: "Defendant is entitled to make its own subjective personnel decisions, absent intentional age discrimination, *even if the factor motivating the*

*decision is typically correlated with age, such as pension status, salary or seniority*." The court's final instruction included only the first half of this sentence, omitting the italicized clause.

We do not think the district court's instruction on this point was an abuse of discretion. "The form and language of jury instructions are committed to the sound discretion of the district court so long as the jury is correctly instructed on the substantive issues in the case." *White v. Honeywell, Inc.*, 141 F.3d 1270, 1278 (8th Cir. 1998) (internal quotation omitted). The court's formulation allowed FBL to argue that it demoted Gross for any reason "absent intentional age discrimination." The court was not required to list examples of such reasons in a jury instruction.

FBL next appeals the district court's decision to exclude testimony from FBL's vice president of claims, Andy Lifland, about complaints that he heard from Gross's coworkers about Gross's performance in the workplace. In a post-trial order, the court agreed with FBL that our precedent allows testimony about such complaints when the employer shows that it took action on the basis of the information. *See Crimm v. Mo. Pac. R.R. Co.*, 750 F.2d 703, 709 (8th Cir. 1984). The court defended its ruling, however, on the ground that the record at trial, including FBL's offer of proof, was insufficient to establish that Lifland received and relied on the complaints. As such, the dispute now seems focused on whether FBL laid a sufficient foundation for the presentation of Lifland's testimony, not on the legal question whether Lifland's proposed testimony would be inadmissible hearsay if there were adequate foundation for it. FBL will have a new opportunity to lay an adequate foundation in a new trial, and we do not think it would be productive to offer an opinion at this time concerning the sufficiency of the previous offer of proof.

FBL also contends that the district court should have granted judgment as a matter of law in its favor. Because we remand the case for a new trial, we need not consider whether there was sufficient evidence for a hypothetical jury, properly

instructed, to return a verdict in favor of Gross.  *See Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 526 (8th Cir. 2000); *Hauser v. Krupp Steel Producers, Inc.*, 761 F.2d 204, 206 n.1 (5th Cir. 1985).  We also need not consider Gross's cross appeal concerning attorney's fees.

For the foregoing reasons, we reverse and remand for a new trial on the issues of liability for age discrimination under the ADEA and the ICRA and damages for lost compensation.  The district court also may consider issues relating to attorney's fees.

_____