# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 11-2593

———————————————

Jack Gross

*Plaintiff - Appellant*

v.

FBL Financial Group, Inc.

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: May 15, 2012
Filed: September 28, 2012
[Unpublished]

——————————

Before RILEY, Chief Judge, SMITH and COLLOTON, Circuit Judges.

——————————

PER CURIAM.

This case is before the court for a third time. *See Gross v. FBL Fin. Servs., Inc.*, 588 F.3d 614 (8th Cir. 2009) (*Gross II*); *Gross v. FBL Fin. Servs., Inc.*, 526 F.3d 356 (8th Cir. 2008) (*Gross I*). Jack Gross sued his employer, FBL Financial Group, Inc. ("FBL"), alleging that FBL discriminated against him because of age, in violation of the federal Age Discrimination in Employment Act and the Iowa Civil Rights Act.

A jury returned a verdict in favor of Gross, but after appellate litigation that reached the Supreme Court, *see Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009), we concluded that an error in the jury instructions required a new trial on both federal and state claims. *Gross II*, 588 F.3d at 617-21.

On remand, the district court[1] convened a second trial and instructed the jury in accordance with our opinion in *Gross II*. The jury returned a verdict in favor of FBL, and the court entered judgment accordingly. Gross appeals the judgment on his claim under the Iowa Civil Rights Act, asserting that the district court's jury instruction misstated Iowa law and required him to meet an unduly high burden of proof.

In *Gross II*, we addressed the correct standard for an age discrimination claim under Iowa law in light of *Deboom v. Raining Rose, Inc.*, 772 N.W.2d 1 (Iowa 2009), and the Iowa court decisions that preceded *Deboom*. We concluded that in a mixed-motives case—where "there is no one 'true' motive behind the decision," as "the decision is a result of multiple factors, at least one of which is legitimate," *Price Waterhouse v. Hopkins*, 490 U.S. 228, 260 (1989) (White, J., concurring in judgment)—the plaintiff typically bears the burden of persuasion "to establish that age was a motivating or determining factor in the employer's decision, and that the adverse action would not otherwise have occurred." *Gross II*, 588 F.3d at 620; *see Deboom*, 772 N.W.2d at 6 ("[T]he legislature's purpose in banning employment discrimination based on sex was to prohibit conduct which, had the victim been a member of the opposite sex, would not have otherwise occurred.") (internal quotation omitted). Because Gross acknowledged that he did not present what Justice O'Connor described in *Price Waterhouse* as "direct evidence" of discrimination, 490

---

[1]The Honorable Thomas J. Shields, United States Magistrate Judge for the Southern District of Iowa, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

U.S. at 277-78 (O'Connor, J., concurring in judgment), we concluded that the burden of persuasion did not shift to the defendant under Iowa law. *Gross II*, 588 F.3d at 620 (citing *Vaughan v. Must, Inc.*, 542 N.W.2d 533, 538-39 (Iowa 1996), and *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 893-94 (Iowa 1990)).

Gross argues that the district court erred by instructing the jury at the second trial in accordance with *Gross II*, because on remand he did not try a mixed-motives case. He contends that he tried instead a "pretext" discrimination case—in which the issue "is whether either illegal or legal motives, but not both, were the 'true' motives behind the [employer's] decision," *Price Waterhouse*, 490 U.S. at 260 (White, J., concurring in judgment) (internal quotation omitted)—and that a different jury instruction was therefore appropriate. *See Newberry v. Burlington Basket Co.*, 622 F.3d 979, 982-83 (8th Cir. 2010).

Whether a case should be submitted to a jury as a "pretext" case or a "mixed-motives" case, however, does not depend on the plaintiff's unilateral declaration. It is a matter to be decided by the court based on the evidence at trial. "'[T]he choice of jury instructions depends simply on a determination of whether the evidence supports a finding that just one—or more than one—factor actually motivated the challenged decision.'" *Smith v. Xerox Corp.*, 602 F.3d 320, 333 (5th Cir. 2010) (quoting *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 856 (9th Cir. 2002) (en banc), *aff'd*, 539 U.S. 90 (2003)); *see Miller v. Davenport Cmty. Sch. Dist.*, Nos. 1999-588, 9-849, 99-0650, 2000 WL 210292, at *5 (Iowa Ct. App. 2000) ("Whether a case is a pretext case or a mixed-motive case is a question for the court once all the evidence is received.").

Gross took the position in the first trial and on appeal that this case was properly submitted to the jury as a mixed-motives case. The evidence at the second trial was not materially different from the evidence at the first. It was not error for the district court to conclude that the evidence justified treating the case as one in which

a jury could find mixed motives, and to give an instruction that conformed to our opinion in *Gross II*.

The judgment of the district court is affirmed.

_____