**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN THE MATTER OF SHELDON H.
CLOOBECK,

*Debtor*,

GILBERT DREYFUSS,

*Appellant*,

v.

TIMOTHY S. CORY, Chapter 7
Trustee,

*Appellee*.

No. 13-15432

D.C. No.
2:12-cv-01506-
LRH-NJK

OPINION

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted
March 13, 2015—San Francisco, California

Filed June 12, 2015

Before: J. Clifford Wallace, Milan D. Smith, Jr.,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.;
Concurrence by Judge Wallace

## SUMMARY[*]

### Bankruptcy

The panel reversed the district court's affirmance of the bankruptcy court's order approving the chapter 7 trustee's final report following the trustee's payment of the federal income taxes of the bankruptcy estate.

The panel held that the bankruptcy estate's federal income tax liability is an administrative expense, and so 11 U.S.C. § 503(b) requires a chapter 7 trustee to provide notice to creditors, and obtain a hearing, before paying taxes incurred by the estate. The panel remanded the case to the district court for remand to the bankruptcy court with directions that the bankruptcy court determine the amount of federal income taxes due from the estate, and conduct such other proceedings as may be appropriate.

Concurring, Judge Wallace agreed that the trustee did not follow section 503(b)'s requirement that the income tax payment be made only "after notice and a hearing." He wrote separately to highlight for the court on remand his concerns about the timeliness of a creditor's objection to the tax payment.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Davis S. Kupetz (argued), SulmeyerKupetz, Los Angeles, California, for Appellant.

Duane H. Gillman (argued) and Timothy S. Cory, Durham Jones & Pinegar, P.C., Las Vegas, Nevada, for Appellee.

**OPINION**

M. SMITH, Circuit Judge:

In this bankruptcy appeal, we consider whether section 503 of the Bankruptcy Code, 11 U.S.C. § 503(b), requires a chapter 7 trustee to provide notice to creditors, and obtain a hearing, before paying taxes incurred by the estate. The Appellee, a chapter 7 trustee, paid the 2005 federal income taxes of a bankruptcy estate without first providing notice to the Appellant, a creditor of the estate, requesting a hearing to determine the appropriate amount of those taxes, or obtaining an order of the bankruptcy court authorizing the payment of those taxes. The Appellant contends that the bankruptcy court erred by approving the Trustee's Final Report without holding a hearing to determine the appropriate amount of the 2005 federal income taxes, and without approving the payment of those taxes. The Appellee argues that construing the Bankruptcy Code to require trustees to provide notice and obtain a hearing before paying taxes incurred by the estate would conflict with trustees' other obligations under the Bankruptcy Code and the Internal Revenue Code.

We hold that the plain language of section 503 requires that notice and a hearing be provided before the payment of

taxes as administrative expenses, and that this requirement does not impose inconsistent obligations on trustees under other provisions of the Bankruptcy Code or the Internal Revenue Code. We reverse and remand to the district court for remand to the bankruptcy court with directions that the bankruptcy court determine the amount of 2005 federal income taxes due from the estate, and conduct such other proceedings as may be appropriate.

## FACTS AND PROCEDURAL BACKGROUND

The Appellant, Gilbert Dreyfuss, holds an allowed unsecured claim of approximately $1,006,417.68 against the bankruptcy estate of Sheldon Cloobeck. Cloobeck commenced this bankruptcy case by filing a voluntary chapter 11 petition on January 12, 2005. The case was converted to a chapter 7 case on or about October 19, 2005. Following the conversion, the Appellee, Timothy S. Cory (Trustee), was appointed the chapter 7 trustee.

On or about May 13, 2009, the Trustee paid $340,895 of estate funds to the IRS to satisfy the estate's 2005 federal income tax liability. The Trustee did not give notice, or seek a hearing, before making the 2005 tax payment, nor did the bankruptcy court authorize the payment of 2005 taxes before the Trustee made that payment. Moreover, the Trustee did not notify either the Appellant or the bankruptcy court of the amount of 2005 taxes he ultimately paid before making the payment to the IRS.

On May 9, 2012, the Trustee filed the Final Report with the bankruptcy court. The Appellant filed an opposition to the Final Report on June 13, 2012. In the opposition, the Appellant argued that it was improper for the Trustee to pay

the estate's 2005 federal income taxes without giving notice and requesting a hearing, and asked the bankruptcy court to require the Trustee to reimburse the estate for that payment.

The bankruptcy court held a hearing on the Trustee's Final Report on July 6, 2012. At the hearing, the Appellant urged the court to "have a hearing," and to "determine, as it has the jurisdiction to do, the actual 2005 taxes." The court declined to hold a hearing regarding the amount of the 2005 taxes. The court found that there was "sufficient evidence to find that the Trustee acted responsibly and reasonably with respect to filing the tax returns of the estate."

The Appellant filed a notice of appeal, and the Trustee elected to have the appeal heard by the United States District Court for the District of Nevada. On appeal, the Appellant argued that the bankruptcy court erred by "denying Appellant's request that [it] hold a hearing to determine whether [the 2005 federal income tax] was actually owing by the bankruptcy estate . . . ." The district court affirmed the bankruptcy court's order approving the Final Report. It concluded that the Appellant's objection to the payment of 2005 federal income taxes was "severely untimely" because the Appellant "knew of the payment to the IRS back in 2009, but did not file an objection to the payment until the final report in 2012, three years after the payment had been made." A timely appeal to our court followed.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction under 28 U.S.C. § 158(a) to hear the appeal from a final order of the bankruptcy court. We have jurisdiction under 28 U.S.C.

§ 158(d)(1) to hear this appeal from the final decision of the district court.

We review the district court's decision on appeal from a bankruptcy court order de novo. *Greene v. Savage* (*In re Greene*), 583 F.3d 614, 618 (9th Cir. 2009). We review the bankruptcy court's conclusions of law de novo, and its factual findings for clear error. *Id*.

## DISCUSSION

The Appellant contends that the estate's 2005 federal income tax liability was an administrative expense, and that the Trustee was therefore required to provide the Appellant with "notice and a hearing" before paying it. We agree.

"In classifying the order of payment for creditors' claims, the Bankruptcy Code affords the highest level of priority to claims denominated 'administrative expenses.'" *Abercrombie v. Hayden Corp*. (*In re Abercrombie*), 139 F.3d 755, 756 (9th Cir. 1998) (citing 11 U.S.C. § 507(a)(1)). Section 503(b)(1) of the Code defines administrative expenses, and enumerates six specific types of claims that qualify for first priority. *Id*. A tax incurred by the estate is an administrative expense under 11 U.S.C. § 503(b)(1)(B). The parties do not dispute that the estate's 2005 federal income tax liability was an administrative expense.

Section 503(b) provides that administrative expenses "shall be allowed," but only "[a]fter notice and a hearing . . . ." Section 503(b)'s plain language appears to establish conclusively that "notice and a hearing" were required before

the Trustee could pay the estate's 2005 federal income tax liability.[1]

Notwithstanding section 503's plain language, the Trustee contends that construing the statute to require that trustees provide notice and obtain a hearing before paying taxes would conflict with trustees' other obligations under the Bankruptcy Code and the Internal Revenue Code. The Trustee cites the Internal Revenue Code, which provides that "[r]eturns of an estate, a trust, or an estate of an individual under chapter 7 or 11 of Title 11 of the United States Code *shall* be made by the fiduciary thereof." 26 U.S.C. § 6012(b)(4) (emphasis added). In addition, the Bankruptcy Code makes clear that, subject to limited exceptions, a trustee must pay all federal taxes on or before the date they come due, 28 U.S.C. § 960, and must pay the estate's taxes even if the government does not file a request for administrative expenses with the bankruptcy court, *see* 11 U.S.C. § 503(b)(1)(D).

Contrary to the Trustee's argument, these provisions of the Bankruptcy Code and the Internal Revenue Code are easily reconcilable with section 503(b)'s notice and hearing requirement. Subject to limited exceptions, a trustee must

---

[1] The statutory phrase "after notice and a hearing" is a term of art in the Bankruptcy Code meaning "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." *See* 11 U.S.C. § 102(1). The phrase "authorizes an act without an actual hearing if such notice is given properly and if–(i) such a hearing is not requested timely by a party in interest; or (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act . . . ." *Id*. § 102(1)(B). In this opinion, we use the terms "notice," "hearing," and "notice and a hearing" as they are defined in 11 U.S.C. § 102(1).

pay the taxes of the estate on or before the date they come due, 28 U.S.C. § 960(b), even if no request for administrative expenses is filed by the tax authorities, 11 U.S.C. § 503(b)(1)(D), *and* the trustee must insure that "notice and a hearing" have been provided before doing so, *see id*. § 503(b)(1)(B). The hearing requirement insures that interested parties, including creditors like the Appellant, have an opportunity to contest the amount of tax paid before the estate's funds are diminished, perhaps irretrievably.

The Trustee contends that the Appellant's objection to the Final Report was procedurally improper because the Appellant failed to object to the IRS's administrative claim. This argument is without merit because the IRS never filed an administrative claim, nor was it required to do so. *See id*. § 503(b)(1)(D). Instead, the Trustee independently discovered the 2005 federal income tax liability, and paid it without any claim being filed by the IRS. It was incumbent upon the Trustee to secure an appropriate hearing and authorization from the bankruptcy court before making the payment. *See* 4 *Collier on Bankruptcy* ¶ 503.02[3] (16th ed. 2014) ("If the governmental unit does not file a request for payment but the tax obligation is discovered by the trustee, it will be the trustee's responsibility, rather than the government unit's responsibility, to provide the notice and obtain the hearing."). The Final Report appears to have been the first formal filing in the bankruptcy court specifying the amount

of 2005 taxes paid,[2] and the Appellant filed a timely opposition to its approval.

We conclude that the bankruptcy court erred by approving the Final Report without first holding a hearing to determine the amount of the 2005 federal income taxes. Under the plain language of section 503(b), the Trustee could pay the 2005 taxes as an administrative expense only after "notice and a hearing," and only after the bankruptcy court authorized the payment.

We reverse and remand to the district court for remand to the bankruptcy court. The district court shall direct the bankruptcy court to hold a hearing to determine the estate's 2005 federal income tax liability, *see* 11 U.S.C. § 505, and conduct such other proceedings as may be appropriate.

**REVERSED AND REMANDED.**

---

[2] The Trustee filed a Second Status Report with the bankruptcy court on April 10, 2009, prior to paying the 2005 taxes. The report stated that the Trustee had retained an accounting firm to prepare the bankruptcy estate's tax returns for calendar years 2005 to 2008, and that the returns would likely be filed by April 30, 2009, but did not specify the amount of taxes the estate owed for any of the calendar years. The Trustee filed a Third Status Report on July 19, 2011, after the Trustee paid the 2005 taxes. The report acknowledged that the Trustee had paid the estate's 2005 taxes, but did not specify the amount paid.

WALLACE, Circuit Judge, concurring:

I concur in the opinion because I agree that the trustee did not follow section 503(b)'s requirement that the payment be made only "after notice and a hearing." The trustee does not argue that notice was somehow "[in]appropriate in the[se] particular circumstances." 11 U.S.C. § 102(1)(A). I write separately, however, to highlight for the court on remand my concerns about the timeliness of Dreyfuss's objection.

The thrust of Dreyfuss's argument over the course of this litigation has been that the trustee paid the wrong amount of taxes. The majority opinion, however, focuses instead on Dreyfuss's alternative argument—that the trustee failed to provide a "notice and a hearing" before making the tax payment. But the opinion does not address the timeliness of Dreyfuss's original objection in the bankruptcy court.

A party must object within a reasonable time or risk being deemed to have consented to the action to which it objects. *Cf. Spaulding v. Univ. of Wash.*, 740 F.2d 686, 695 (9th Cir. 1984) ("Parties should object to a reference to a magistrate or a special master at the time the reference is made or within a reasonable time thereafter" or risk waiving the objection), *overruled on other grounds by Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1482 (9th Cir. 1987). The record indicates that Dreyfuss knew as early as March 15, 2010, that the trustee made the tax payment in an amount to which he objected. But for some reason, Dreyfuss failed to object to this payment until at least June 13, 2012—over *two years* after he had notice of the payment. Even if we give Dreyfuss the benefit of the doubt, and assume he did not officially know about the payment until the trustee filed the status report on July 19, 2011, that still leaves the court to question

whether it was reasonable for Dreyfuss to sit on his objection for roughly a year. In my view, the court on remand ought to ventilate fully the issues surrounding the timeliness of Dreyfuss's original objection to the tax payment.