# United States Court of Appeals

## For the Eighth Circuit

———————————————————

No. 14-2779

———————————————————

Duit Construction Company Inc.

*Plaintiff - Appellee*

v.

Scott Bennett, Director of the Arkansas State Highway & Transportation Department, et al.

*Defendants - Appellants*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: April 14, 2015
Filed: August 6, 2015

——————————

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

——————————

LOKEN, Circuit Judge.

Duit Construction Company, an Oklahoma highway contractor, entered into contracts with the Arkansas State Highway and Transportation Department (ASHTD) to reconstruct and widen Interstate 30 between Little Rock and Benton. Duit encountered soil conditions that, it alleges, differed materially from information provided by the ASHTD during the bidding process. The ASHTD required expensive

and time-consuming "undercutting" to remedy the conditions. Duit's claims for compensation were denied by the ASHTD and, after a hearing, by the Arkansas State Claims Commission, established by the state legislature to initially resolve claims against the State. Duit appealed to the General Assembly, as Arkansas law required.[1] The General Assembly affirmed the Claims Commission's adverse decision.

Duit then commenced this 42 U.S.C. § 1983 action, suing officers of the ASHTD and the Arkansas State Highway Commission in their official capacities and seeking prospective injunctive relief under the exception to the State's Eleventh Amendment immunity recognized in Ex parte Young, 209 U.S. 123 (1908). Duit's lengthy complaint alleged ongoing violations of the Federal Aid Highway Act of 1956 (FAHA), 23 U.S.C. §§ 101 *et seq.*, and the Due Process and Equal Protection clauses of the Fourteenth Amendment. The complaint sought an injunction that would "enjoin Defendants from accepting federal aid in connection with construction projects until . . . they fully comply with the federally mandated differing site clause" which, under the FAHA, must be included in all federal-aid highway construction contracts unless prohibited or otherwise provided for by state law. See 23 U.S.C. § 112(e); 23 C.F.R. § 635.109.

Defendants moved to dismiss. The district court dismissed the FAHA claim because that statute is enforced exclusively "through oversight by an executive agency." Endsley v. City of Chicago, 230 F.3d 276, 281 (7th Cir. 2000). It dismissed the due process claim because Duit's interest in future highway contracts is not a

---

[1]The Arkansas Constitution provides that the "State of Arkansas shall never be made defendant in any of her courts." Ark. Const. art. V, § 20. The Constitution also provides that the "General Assembly shall . . . provide for the payment of all just and legal debts of the state." Ark. Const. art. XVI, § 2. Thus, in Arkansas, the Arkansas State Claims Commission makes initial determinations concerning claims, subject to review by the General Assembly. See Fireman's Ins. Co. v. Ark. State Claims Comm'n, 784 S.W.2d 771, 773-75 (Ark. 1990).

protected property interest and because Duit's right to appeal claim denials to the Claims Commission and then to the General Assembly satisfies the Fourteenth Amendment requirement of procedural due process. However, the court denied defendants' motion to dismiss the equal protection claim, concluding Duit sufficiently alleged that the Claims Commission has treated out-of-state-contractor Duit differently from similarly situated in-state contractors in deciding whether to award relief, and "defendants have not identified a rational reason for their conduct." Defendants appeal the denial of Eleventh Amendment immunity as to this claim, an issue which may be raised by an interlocutory appeal. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 141 (1993). We conclude that Duit lacks Article III standing to bring its equal protection claim and therefore the court erred in not dismissing this claim.

## I.

"In Ex parte Young, 209 U.S. at 157, the Supreme Court held that the Eleventh Amendment does not bar a suit against a state official to enjoin enforcement of an allegedly unconstitutional statute, *provided that* 'such officer [has] some connection with the enforcement of the act.'" Reprod. Health Servs. v. Nixon, 428 F.3d 1139, 1145 (8th Cir. 2005) (emphasis added). Absent that connection, the officer "is merely . . . a representative of the state," and Eleventh Amendment immunity applies. Ex parte Young, 209 U.S. at 157; see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-03 (1984). The district court in generally discussing Ex parte Young did not refer to this important limit on the extent of the Ex parte Young exception to the State's Eleventh Amendment immunity. On appeal, defendants argue that one reason the district court erred in applying the exception to Duit's equal protection claim is that the Claims Commission made the allegedly discriminatory claims decisions, and the ASHTD and the Claims Commission "are two separate and distinct entities." Duit's response reflects a misunderstanding of the Ex parte Young exception -- "both

-3-

[are] Arkansas state agencies," Duit argues, "and this lawsuit, in all respects other than name, must be treated as a suit against the State of Arkansas."

In addition to asserting a claim falling within the Ex parte Young exception to Eleventh Amendment immunity, Duit must assert an equal protection claim that "is the sort of Article III case or controversy to which federal courts are limited." Calderon v. Ashmus, 523 U.S. 740, 745 (1998) (quotation omitted). To establish Article III jurisdiction, Duit must demonstrate standing to assert *this* claim against *these* defendants. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). "Standing requires (1) an injury that is concrete and particularized and actual or imminent, not conjectural or hypothetical, (2) that the injury be fairly traceable to the challenged action of the defendant, and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Turkish Coalition of Am., Inc. v. Bruininks, 678 F.3d 617, 621 (8th Cir. 2012) (quotations omitted).

Though they are distinct jurisdictional requirements, "there is a common thread between Article III standing analysis and Ex parte Young analysis." Cressman v. Thompson, 719 F.3d 1139, 1146 n.8 (10th Cir. 2013). Because both are jurisdictional, neither must necessarily be addressed before the other. See Okpalobi v. Foster, 244 F.3d 405, 424 n.33 (5th Cir. 2001) (en banc). The parties and the district court did not address Duit's standing to sue, but standing is a jurisdictional issue that this court "is bound to ask and answer for itself, even when not otherwise suggested." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

We take up the threshold issue of standing first because in our view it is clear from Duit's complaint that it cannot satisfy the "fairly traceable" (causation) and redressability elements of standing with respect to its equal protection claim. Put briefly, it has sued the wrong parties. Duit's complaint alleged that the *Claims Commission* made a favorable ruling on "an almost identical" claim by an in-state

contractor "based, in part, upon the State of origin of the claimant and the size of the claim."

As to causation, Duit failed to sue the Claims Commission or its members, and failed to allege that defendants -- Arkansas highway officials -- influenced, or had the authority and ability to influence, the Claims Commission's adjudication of contractor claims against the State. "When the injury alleged is the result of actions by some third party, not the defendant[s], the plaintiff cannot satisfy the causation element of the standing inquiry." Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 935 (8th Cir. 2012) (quotation omitted). This principle applies even when the defendants are state officials sued in their official capacity. See Winsness v. Yocom, 433 F.3d 727, 737 (10th Cir. 2006) (no standing where "defendants did not issue the [challenged] citation to [plaintiff] and are not responsible for maintaining any record of it"); Okpalobi, 244 F.3d at 426 ("plaintiff may not sue a state official who is without any power to enforce the complained-of statute"); 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3531.5, at 364-65 & nn.75 & 76 (3d ed. 2008).

As to redressability, because defendants have no control over the Claims Commission's practices, they "have no powers to redress the injuries alleged," that is, no power to correct the Claims Commission's purported practice of favoring in-state contractor claimants. Okpalobi, 244 F.3d at 427. Thus, it is totally speculative whether the only relief requested in the complaint -- an injunction preventing the defendants from accepting federal highway aid -- would have any effect on the practices of the Claims Commission, a separate Arkansas government entity. Mere speculation is insufficient to satisfy this element of standing. See id. at 426-27. For these reasons, Duit's equal protection claim is not within the district court's Article III jurisdiction and must be dismissed.

## II.

Though Duit's brief argued at length that the district court erred in dismissing its FAHA and due process claims, it did not cross appeal those rulings, nor did it urge us to decide those issues at this time. "Under [the Supreme Court's] unwritten but longstanding [cross-appeal] rule, an appellate court may not alter a judgment to benefit a nonappealing party." Greenlaw v. United States, 554 U.S. 237, 244-45 (2008). We consider this cross-appeal requirement "non-jurisdictional." Therefore, we *may* consider additional issues if our ruling on appeal requires a new trial and "injustice would result" by limiting the trial to certain issues. Gross v. FBL Fin. Servs., Inc., 588 F.3d 614, 621 (8th Cir. 2009). But here, the issues not raised in defendants' interlocutory appeal were the district court's dismissal of other claims, which can be revisited on remand and appealed when a final order is entered. In these circumstances, the "firmly entrenched" cross-appeal rule clearly trumps "the natural temptation to dispose of the related questions of jurisdiction and exhaustion at one blow." El Paso Natural Gas Co. v. Neztsosie, 526 U.S. 473, 479-80 (1999). However, on remand, if the case proceeds as to Duit's FAHA and due process claims, the district court should address whether Duit has Article III standing to assert those claims, and whether the Ex parte Young exception applies to the claims against these defendants, before entering a final order.

The Order of the district court dated June 25, 2014, is reversed in part, and the case is remanded for further proceedings not inconsistent with this opinion.

_____